UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THE DRAGONWOOD CONSERVANCY, INC.,
PLEGUAR CORPORATION,
TERRY CULLEN,

Plaintiffs,

v. Case No. 16-CV-00534

PAUL FELICIAN,
PHIL SIMMERT II,
JANE AND JOHN DOE(S)
CITY OF MILWAUKEE, and
*ABC INSURANCE COMPANY,*

Defendants.

---

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON CERTAIN COMPENSATORY DAMAGES**

---

In the Decision and Order of January 24, 2019 (Doc. 62), the Court permitted the plaintiffs to proceed on their Fourth Amendment claim for the "defendants' seizure of all animals" on the subject premises (*Id.*, p. 21), the defendants' seizure of the plaintiffs' firearms (*Id.*, p. 24), and the seizure of certain other miscellaneous property (*Id.*, p. 24-6). The Court also permitted the plaintiffs to proceed on a claim that that the execution of the search was unreasonable and resulted in unnecessary damage. *Id.*, p. 26-29.

On the other hand, with regard to plaintiffs' claim that they were deprived of their reptile inventory without pre-deprivation or post-deprivation due process, this Court concluded that "[n]o reasonable jury could conclude that the plaintiffs were denied due process with respect to the initial removal of the reptile inventory," scotching the plaintiffs' pre-deprivation claim, and also concluding that they had an adequate post-

deprivation remedy under state law. *Id.*, p. 30-33. As this Court has noted, Wisconsin law provided a procedure for the return of the animals, something that was employed in the related state court action; Cullen's recourse to that process resulted in the state court's determination that the animals should not be returned because of reasonable grounds to believe that they had been mistreated. *Id.*, p. 8-9, 31-32. Cullen would have had the right to appeal the decision and seek a stay of any order disposing of the animals during the appeal (Wis. Stat. §§'s 808.07 and 809.12), but there is no evidence that he availed himself of the opportunity for review. *See, e.g., In re Forfeiture of Twelve Dogs, Four Cats, and Two Macaws*, 2015 WI App 1, 359 Wis. 2d 270, 2014 WL 6635003 (unpublished decision).

The consequence of this Court's decisions presents the following legal question: can the plaintiffs now seek as damages the value of the reptiles that were the subject of not only the initial seizure, but also the decision by the state court denying Cullen's request for their return? The defendants submit that the answer is no because there has been a legal determination by the state court that they are not entitled to the animals. In other words, they are not entitled to the value of this property.

In fact, there is a subject-matter jurisdictional impediment to plaintiffs' effort to pursue such damages in this court, reflected in Judge Conley's decision in *Hestekin v. Belay*, 2018 WL 6332493 (W.D. Wis. 2018). In that case, the plaintiff asserted that that the defendants had unlawfully searched and seized dogs from a kennel that she operated. *Id.* at *2. As recounted by Judge Conley, the state circuit court had entered a judgment awarding the county costs for care of the animals and "granting the County the right to dispose of the animals." *Id.* The Wisconsin Court of Appeals subsequently vacated the

money judgment, but "Hestekin did not appeal the Circuit Court's order granting the County the right to dispose of the animals… ." *Id.*, citing *In re Forfeiture of Twelve Dogs*, *supra*.

Given this factual background, Judge Conley concluded that "there is a jurisdictional problem" with the plaintiff's unlawful seizure claim. *Hestekin* at *4. "Generally, the [*Rooker-Feldman*] doctrine applies to 'cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.*, quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The reason underlying the doctrine is that 'no matter how erroneous or unconstitutional the state court judgment may be, only the Supreme Court of the United States has jurisdiction to review it.'" *Hestekin* at *4, quoting *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012).

In the case before Judge Conley, the "plaintiff was just such a state court loser," with the state court having "ruled in favor of the County, finding that there were reasonable grounds to believe that Hestekin had mistreated the seized animals and granting the County's request to dispose of them." *Hestekin* at *4. "Having failed to appeal that portion of the decision, plaintiff is now barred from coming into federal court and requesting a new review of that determination, much less seek relief from that judgment, including in the form of financial compensation for the 'economic loss, personal injury, mental anguish and distress, property damage, [and] loss of property' that she experienced." *Id.*, quoting plaintiff's complaint, p. 5. Judge Conley concluded that "this court lacks subject matter jurisdiction over plaintiff's second cause of action for

deprivation of her property, including destruction of the animals, in violation of her due process rights under the Fifth and Fourteenth Amendments also asserted against all defendants, and her fourth cause of action for conversion" and dismissed them without prejudice as *Rooker-Feldman* dismissals must be in that form. *Hestekin* at *4.

Applied to the present case, the *Rooker-Feldman* doctrine would compel the dismissal of the plaintiffs' claim to recover the value of any of the reptiles seized from the premises. The state court determined that the animals should not be returned, finding reasonable grounds to believe that they had been mistreated. Doc 62, p. 8-9, 31-32. The plaintiffs here cannot come to federal court and request what amounts to relief from the state court's judgment through compensation for the value of the reptiles.

Even in the absence of this jurisdictional issue, the plaintiffs would not be entitled to recover the value of the reptiles. Such recovery is a form of compensatory damages. In general, "no compensatory damages may be awarded in a § 1983 suit absent proof of actual injury." *Farrar v. Hobby*, 506 U.S. 103, 112 (1992). "It is the responsibility of the courts to construct a remedy for a constitutional violation that is tailored to the injury caused by the violation." *United States v. All Assets and Equipment of West Side Building Corp.*, 58 F.3d 1181, 1193 (7th Cir. 1995). "Damages (other than punitive damages) under 42 U.S.C. § 1983 exist solely to provide compensation for harms actually suffered." *Kimbrew v. Evansville Police Dept.*, 867 F. Supp. 818, 831 (S.D. Ind. 1994), citing *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 307 (1986). "The purpose of damages is to put the plaintiff in the same position, so far as money can do it, as he would have been had there been no injury or breach of duty, that is, to compensate him for the injury actually sustained… ." *Lee v. Southern Home Sites Corp.*, 429 F.2d

290, 293 (5th Cir. 1970), citing *Bussy v. Donaldson*, 4 U.S. 206, 4 Dall. 206 (1800); *Milwaukee & St. P.R. Co. v. Arms*, 91 U.S. 489 (1875).

The defendants have not located ample authority addressing precisely this situation. In *Covington v. Winger*, 562 F. Supp. 115, 117 (W.D. Mich. 1983), the plaintiff claimed that his apartment was illegally searched and that the defendants went beyond the scope of a search warrant and seized certain items that included several firearms. The plaintiff had, however, been "convicted of various felonies prior to the 1971 search of his apartment" and the defendants asserted, therefore, that they "had no duty to return the guns seized from [the plaintiff's] apartment." *Id.* at 119.

The *Covington* court acknowledged that, "[t]he return of illegally seized property can be a remedy for a violation of Fourth Amendment rights." *Id.* (citation omitted). "However, even where the seizure is in violation of the Fourth Amendment, a court will not order the return of the property if the plaintiff had no right to possess the items in the first place." *Id.* (citation omitted).

Based upon that principle, the *Covington* court concluded that, "[f]or the same reason, it would be illogical to allow Plaintiff to use the value of the guns as a measure for his recovery should he prove that his Fourth Amendments rights were violated." *Id*. "While the nature of the property seized in an illegal search will not excuse a Fourth Amendment violation, the measure of damages must be otherwise determined." *Id*.

Upon reconsideration, the *Covington* court permitted the plaintiff to pursue a Fourteenth Amendment Due Process claim with respect to the firearms, noting that the disqualification from possession due to a felony conviction had to be established through a process that met the requirements of the Due Process Clause. *Covington*, 562 F. Supp.

at 123-124. It did not, however, change its earlier decision regarding the damages available under a Fourth Amendment claim, presuming that the plaintiff did indeed not have a right to possess the weapons in the first place.

In the present case, while the plaintiffs did not per se lack the right to possess the reptiles, the state court held upon their seizure that the plaintiffs were not entitled to their return or continuing possession. As in *Covington*, the proper measure of damages for any Fourth Amendment violation would not be the value of the reptiles as a court has determined that the plaintiffs do not have the right to possess them.

It would not be logical to attempt to distinguish this case from *Covington* by contending that the plaintiffs may at one time have had a lawful right to own certain of the reptiles; the state court, after all, determined that the plaintiffs had been mistreating the creatures and so, in effect, the plaintiffs forfeited their possessory rights under Wisconsin law by such misconduct. The plaintiffs were deprived of their property not by the actions of the two individual defendant officers but, rather, by the decision of the state court whose determination went uncontested in any appeal.

In the related area of forfeiture actions, the decisions also support the conclusion that a party may not recover the value of property to which the party no longer has a legal interest even where the property was seized improperly. In *United States v. All Assets and Equipment of West Side Bldg. Corp.*, 58 F.3d 1181, 1189 (7th Cir. 1995), superseded by statute (18 U.S.C. § 985), *United States v. Bowman*, 351 F.3d 1228, 1234 (11th Cir. 2003), the Seventh Circuit determined that the district court properly concluded that probable cause existed to support forfeiture of all of the property, including certain real property. On the other hand, the appellate court also determined that the district court

should have decided upon a motion for reconsideration to apply a Supreme Court decision to the case and should have determined that the real property that had been seized should have been the subject of pre-deprivation notice and hearing. *Id.* at 1191-1193.

The Seventh Circuit also determined that "it is appropriate to provide, for the assistance of the district court, guidance with respect to the available remedies for a failure to provide notice and hearing before the seizure." *Id.* at 1193. The Seventh Circuit counseled the district court to follow the majority rule among the circuits; "the illegal seizure does not, standing alone, require that the property be immune from forfeiture" and liability of the government is limited to "the profits of which the claimant was deprived during the period of the illegal seizure." *Id.*

"We believe that this…approach provides an effective, but measured, remedy for the violation of the claimant's rights." *Id.* The Seventh Circuit explained that this approach was consistent with "the responsibility of the courts to construct a remedy for a constitutional violation that is tailored to the injury caused by the violation." *Id.*, quoting *Milliken v. Bradley*, 418 U.S. 717, 744 (1974) ("'[T]he scope of the remedy is determined by the nature and extent of the constitutional violation.'").

Consistent with this authority, the remedy tailored to the constitutional violation in the present case is not the value of property that the state court determined should not be returned to the plaintiffs. Rather, the correct remedy relates to the seizure itself—any unreasonable damages caused to plaintiffs' property in the removal of the reptiles from the structures. Doc. 62, p. 26-29.

## CONCLUSION

For the foregoing reasons, this Court should grant to the defendants partial summary judgment, dismissing the plaintiffs' claim for the value of the seized reptiles.

Dated at Milwaukee, Wisconsin this 22nd day of March, 2019.

GRANT F. LANGLEY
City Attorney

s/JAN A. SMOKOWICZ
Deputy City Attorney
Attorneys for Defendants

P.O. ADDRESS:

200 East Wells Street, Suite 800
Milwaukee, WI 53202
(414) 286-2601
Fax: (414) 286-8550
jsmoko@milwaukee.gov

1032-2016-1146:257681