# *Attorney Mark P. Murphy*
657 S. 72nd Street
Milwaukee, WI 53214
414-453-5555
fax. 414-453-5520
attorneymarkmurphy@sbcglobal.net

October 9, 2020

Honorable Nancy Joseph, Magistrate Judge
United States Federal Court (E.D., Wis.)
517 E. Wisconsin Ave.,
Milwaukee, WI  53202

      Re:   *Dragonwood Conservancy, Inc., et. al., v. Felician, et. al.*
            Case No. 16-CV-534
            *request for phone conference

Dear Magistrate Joseph:

      I represent Plaintiffs herein. This case is scheduled for two-week jury commencing December 14, 2020; and we are approaching final pretrial deadlines.

      This case was formally "bifurcated" back in mid-2017, where Defendants were to file motions based upon "known legal defenses" -including those claiming *qualified immunity*- prior to the parties proceeding with discovery.  [EDoc 20, pp 2-3 of 4].   Defendants proceeded to file *two* summary judgment motions (which were ruled upon by Judge Jones in 2019).

      Defendants have now filed a <u>third</u> motion for summary judgment seeking *qualified immunity*, now claiming that "new" discovery allows them to do so.   However, all "new" discovery has pertained to Plaintiffs' case-in-chief, and <u>is not cited anywhere</u> in the Defendants' recent filings.

      I am preparing a Motion To Strike and For Award of Costs, as the new filing simply regurgitates Defendant's twice-denied, summary judgment motions. [1]  This is the exact scenario I raised during our last phone conference [8/12/20].  I believe the Court agreed with my concerns[2]:  Defendants cannot be allowed to re-litigate *qualified immunity* at the 11th hour of this malingering case, given the record before the Court.

---

[1]  With one caveat:  Defendants now seek summary judgment on the Plaintiffs' claims for damage to the 17th Street property, because Jane Flint holds title thereto [E-Doc 109 @pp23-25 of 25].   That motion has not been previously heard.  Accordingly Plaintiffs will prepare a response to that part.

[2] I have ordered the transcript of our last phone conference, for the Court's convenience.

1

I write today because my Motion To Strike will complicate briefing calendars, amongst others. I respectfully request a phone conference with the Court at its earliest convenience, for further guidance and orders in these regards.

Final Note: the 'rub' here is that this Court cannot simply deny Defendants' newest Summary Judgment Motion: any denial now could be used to *resurrect/bootstrap appellate jurisdiction* over the *qualified immunity* issue (where Defendants waived appellate jurisdiction long ago, by their failure to appeal either of Judge Jones' rulings in 2019).

I truly appreciate Your Honor's time, concern, and courtesies.


Very Truly Yours,
*/s/ Mark P. Murphy*
Attorney Mark P. Murphy
Plaintiffs' Attorney