UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THE DRAGONWOOD CONSERVANCY, INC.,
PLEGUAR CORPORATION,
TERRY CULLEN,

    Plaintiffs,

v.                                      Case No. 16-CV-00534

PAUL FELICIAN,
PHIL SIMMERT II,
JANE AND JOHN DOE(S)
CITY OF MILWAUKEE, and
ABC INSURANCE COMPANY,

    Defendants.

---

### DEFENDANTS' RESPONSE BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

---

    Defendants, Paul Felician, Phil Simmert and the City of Milwaukee, by and through its counsel, Tearman Spencer, City Attorney, and Heather Hecimovich Hough, Assistant City Attorney, and Jenny Yuan, Assistant City Attorney, hereby provide this Brief in Response to Plaintiffs' Motion for Summary Judgment, (Dkt. 117). For the reasons set forth below, defendants request that the Court deny Plaintiffs' Motion for Partial Summary Judgment. As fully briefed by defendants on October 1, 2020, defendants are entitled to summary judgment on all claims. (Defs.' Br. in Supp. of Mot. for Summary Judgment, Dkt. 109). Defendants request that the Court dismiss this action in its entirety.

## BACKGROUND

Plaintiffs filed a motion seeking partial summary judgment as to liability, asserting that Judge Jones' "factual findings and legal rulings are continue [sic] as *the law-of-the-case*." (Pl.'s Br. in Supp. of Mot. for Summary Judgment, p. 2, Dkt. 117). In support of their claim that this court should deem defendants Felician and Simmert exceeded the scope of the search warrant **as a matter of law**, plaintiffs assert that Judge Jones' pre-discovery decision (Dkt. 62) to deny defendants' motion for summary judgment on whether it was unlawful to seize all the animals, seize firearms and other personal property, and unreasonable damage to their properties means that Judge Jones ruled that the warrants and search and seizure of animals and firearms were unconstitutional as a matter of law. In addition, Plaintiffs assert that Felician and Simmert are somehow personally responsible for the permanent deprivation of plaintiff Dragonwood's reptile portfolio. Finally, it seems as if plaintiffs are asserting that a constitutional violation occurred because they had to initiate recovery proceedings for their property, although this argument is not clear and not fully developed in their brief.

Contrary to the plaintiffs' assertion, Judge Jones' decision denying defendants' pre-discovery motion for summary judgment based upon whether defendants exceeded the search warrant when all animals were seized and when firearms were seized is not the same thing as granting plaintiffs' summary judgment on that issue. Furthermore, a careful review of the cases cited by plaintiffs' in their brief reveal that none of the cases support plaintiffs' proposition that under the facts in this case, plaintiffs are entitled to summary judgment. Not only should this Court deny plaintiffs' motion for partial summary judgment, but based on the undisputed record in this case, defendants are entitled to summary judgment on all issues. (See Defs.' Br. in Supp. of Mot. for Summary Judgment, Dkt. 109) (See Defs.' Proposed

Findings of Fact, Dkt. 110).

## ARGUMENT

**1. Judge Jones' denial of summary judgment is not evidence that a constitutional deprivation occurred and is not proof that Defendants are liable as a matter of law.**

Plaintiffs argue that in denying in part defendants' pre-discovery summary judgment motion, Judge Jones made "legal rulings, which declared the warrants, and the search and seizures, *unconstitutional* in several respects." (Pl.'s Br. in Supp. of Mot. for Summary Judgment, at 2, Dkt. 117) (emphasis in original). Plaintiffs then cite to Judge Jones' decision as supporting plaintiffs' proposed findings of fact. (Id. at 5-6). Plaintiffs misrepresent what Judge Jones' decision states and the decision certainly does not support the proposed findings of fact propounded by plaintiffs.

Judge Jones did not rule that plaintiffs were entitled to summary judgment on the claim that the animals seized were plainly outside the scope of the warrant. (See Pl.'s Br. in Supp. of Mot. for Summary Judgment, at 5-6, Dkt. 117). Judge Jones first noted defendants' arguments for summary judgment on this issue and the disputed facts plaintiffs raised in opposition. (Decision and Order on Defs.' Summary Judgment Motion, pp. 20-21, Dkt. 62). In denying defendants summary judgment on this issue, Judge Jones expressly noted that the issue of whether it was unlawful for all animals to have been seized should be left for the jury to decide. "It would be inappropriate for this Court to resolve those factual issues at the summary judgment stage; that task is left to the ultimate trier of fact." (Decision and Order on Defs.' Summary Judgment Motion, p. 21 Dkt. 62). This issue was then addressed by Judge Jones in this same decision under the lens of qualified immunity. On the issue of whether defendants were entitled to qualified immunity for seizing all the animals when

3

executing the search warrants in question, Judge Jones stated, "the plaintiffs have presented sufficient evidence from which a reasonable jury could conclude that the defendants violated their clearly established constitutional rights when they seized the plaintiffs' entire animal inventory." (Decision and Order on Defs.' Summary Judgment Motion at 22, Dkt. 62). Similarly, Judge Jones left the issue of seizure of the firearms to the jury. (Id. at 24). Clearly, in denying defendants' summary judgment on whether it was unlawful to seize all the animals and in seizing firearms Judge Jones was merely stating that those were issues for trial.

Judge Jones' decision was rendered prior to any substantive discovery in this case. As argued in defendants' October 1, 2020 brief in support of their motion for summary judgment, now that discovery is complete, this case is ripe for summary judgment. (See Defs.' Br. in Supp. of Mot. for Summary Judgment, Dkt. 109) (See Defs.' Proposed Findings of Fact, Dkt. 110). It is important to note that Judge Jones' decision does not support plaintiffs' claim that they are entitled to partial summary judgment as to liability. Furthermore, despite Judge Jones' decision, defendants are entitled to summary judgment based on the fully developed record now before the Court. (See Defs.' Br. in Supp. of Mot. for Summary Judgment, Dkt. 109) (See Defs.' Proposed Findings of Fact, Dkt. 110).

If Judge Jones made legal rulings in plaintiffs' favor in the manner characterized by plaintiffs, Judge Jones would have entered judgment independent of the motion as per Fed. R. Civ.P. 56(f)(1) – (3). Rule 56(f)(1)-(3) allows the court to enter judgment independent of the motion by granting summary judgment for a nonmovant, granting a motion on grounds not raised by a party, or considering summary judgment on its own after identifying for the parties undisputed material facts. Fed. R. Civ. P. 56(f)(1)–(3). Judge Jones did not enter

4

judgment independent from denying defendants' summary judgment, in part. Judge Jones ruled as follows:

> For all the foregoing reasons, the Court finds that the defendants are entitled to summary judgment on the plaintiffs' Fourth Amendment probable-cause claim, the plaintiffs' due-process claims, and the plaintiffs' municipal liability claim. However, the defendants are not entitled to summary judgment on the plaintiffs' Fourth Amendment claims concerning the seizure of their animal inventory, the seizure of the firearms, the seizure of other personal property, and the unreasonable damage to their properties. The defendants' motion will therefore be granted in part and denied in part.

(Decision and Order on Defs.' Summary Judgment Motion at 35, Dkt. 62).

Judge Jones' decision merely meant he found he could not grant summary judgment in favor of defendants on the seizure of all the animals, seizure of the firearms and other personal property, and unreasonable damage to their properties given the facts that were presented to him at the time. Post discovery, the record is now fully developed and the parties are aware of additional facts in this case that change the legal analysis. Plaintiffs are inaccurate in asserting that this Court has made legal rulings in favor of plaintiffs and plaintiffs' motion for partial summary judgment should be denied.

### 2. Plaintiffs' Two Deprivation Analysis is flawed and fails to prove that Defendants are liable as a matter of law.

Plaintiffs entitled a section in their brief "4th Amendment Analysis" asserting that plaintiffs suffered a two-part deprivation. Plaintiffs fail to fully develop an argument as to how defendants Felician and Simmert are summarily liable for either deprivation. Plaintiffs state that they suffered two deprivations; the initial seizure of property and then the refusal to return the seized property. (Pl.'s Br. in Supp. of Mot. for Summary Judgment, at 2, Dkt. 117). Plaintiffs do not cite any Seven Circuit cases, but instead cite cases in other circuits to support this underdeveloped assertion. Plaintiffs refer the Court to "the line of cases

5

beginning with" *Lathon v. City of St. Louis*, 242 F. 3d 841 (8th[th] Cir. 2001) as support for this claim of two deprivations. (Pl.'s Br. in Supp. of Mot. for Summary Judgment, at 2, Dkt. 117).

In the Eighth Circuit case, *Lathon*, police officers seized firearms and ammunition during the execution of a warrant. No criminal charges were filed against Lathon in connection with the property seized. (This is factually different from our case, as criminal charges were filed; plaintiff Terry Cullen ("Cullen") ultimately entered into an agreement with the State and therefore was not convicted). Lathon requested that the property be returned and was rejected, and his weapons were given away to third parties. *Lathon,* 242 F.3d at 842. Plaintiff Lathon filed a four-count action in federal court challenging the decision not to return the property (ammunition and weapons), naming the City and the City's Board of Police Commissioners and five members of the Board as defendants. Lathon brought two actions under 42 U.S.C. § 1983 claiming that the refusal to return the property constituted a deprivation of property without due process of law and sought actual damages, damages for constitutional rights violations, punitive damages and attorney's fees. *Id*. at 842. The district court granted summary judgment in favor of defendants, recognizing that when state officials deprive an individual of property pursuant to a state policy without process a § 1983 action may be brought, but held that this rule did not apply because a pre-deprivation process was in place, which was probable cause found by the state court to support the warrant. *Id*. at 843. On appeal, the Eight Circuit opined that probable cause for the warrant did not defeat the constitutional claim and "the pivotal deprivation…was not the initial seizure of the ammunition and weapons, but the refusal to return them without a court order after it was determined that these items were not contraband or required as evidence in

a court proceeding." *Id*. at 843. The Eighth Circuit determined that probable cause would serve as pre-deprivation due process for the initial seizure, and that the decision not to return plaintiff's property was a second deprivation that was also afforded due process **but that there was no adequate post-deprivation state remedy**. *Id*. at 844.

Plaintiffs then cite *Walters v. Wolf*, another Eighth Circuit case. In *Walters*, officers seized a handgun and ammunition during a traffic stop. 60 F.3d 307 (8th Cir. 2011) Walters was never issued a receipt or written notice documenting the gun seizure. *Walters*, 660 F.3dat 307. Walters made a number of written requests for the return of his property and the return was denied based upon police department policy. *Id*. at 310. Walters filed a lawsuit under § 1983 naming the City and the Police Chief as defendants and asserted a due process constitutional violation. *Id*. at 311. The issue the Eighth Circuit explored is what process Walters was owed for the City and Chief's continued deprivation of his property. *Id*. at 311. Plaintiffs in our case are correct in their assertion that the *Walters* case involved two deprivations (Pl.'s Br. in Supp. of Mot. for Summary Judgment, at 2, Dkt. 117.) The Eighth Circuit, in *Walters*, identified two deprivations -- the initial seizure and then the refusal to return the property. "Thus, the pivotal deprivation is the City's and Chief Wolf's continued refusal to return Walters's handgun and ammunition after the St. Louis Circuit Court dismissed the unlawful-use-of-a-weapon charge on October 23, 2007, or sometime thereafter when authorities deactivated the Edmundson County warrant for Walters's arrest. The constitutionally impermissible deprivation commenced on one of those two dates and, under *Lathon*, relegation to a post-hoc state tort action to address the deprivation is inherently insufficient." *Id*. at 315. The Eighth Circuit determined that summary judgment

7

could not be granted on the claim that a Fourteenth Amendment procedural due-process violation occurred. *Id.* at 318.

Plaintiffs references *Schwartz v. City of Phoenix*, 83 F. Supp. 2d 1102 (D. Ariz. 2000) in their brief as an "accord" to the two Eighth Circuit cases (Pl.'s Br. in Supp. of Mot. for Summary Judgment, at 3, Dkt. 117). Yet *Schwartz* does not support *Walters* proposition that due process is owed for the continued deprivation of property. Plaintiffs provide a quote from *Schwartz* asserting that a plaintiff can seek damages for an unreasonable search and seizure that did not produce evidence introduced at a criminal trial. *Schwartz*, 83 F. Supp. 2d at 1104. This quote relates to an analysis of whether the plaintiff's constitutional claims were *Heck*-barred *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

In *Schwartz,* Plaintiff brought an action against the City of Phoenix and four named officers alleging that defendants unlawfully seized his property in violation of the Fourth Amendment. *Id.* at 1102. Schwartz alleged that police officers executed a warrant that was overly broad, and that officers seized items outside of the warrant's terms. The court determined that because the claim pertained only to seized property not utilized at trial, *Heck* would not apply to the constitutional claim. *Id.* at 1106. It is unclear what argument Plaintiffs are trying to bolster by including this case in their brief. If Plaintiffs intended to argue that their Fourth Amendment claim is not *Heck*-barred, Defendants agree.

Plaintiffs also refer to *Remigio v. Kelly*, a Memorandum and Order from the United States District Court, S.D. New York (Not Reported). In *Remigio*, Plaintiff filed a civil rights action asserting that defendants (the Police Commissioner, the Property Clerk and the City of New York) violated his due process and Fourth Amendment rights when his car was

8

seized and subsequently not returned. *Remigio v. Kelly*, No. 04 CIV 1877JGKMHD, 2005 WL 1950138, at *1 (S.D.N.Y. Aug. 12, 2005). Defendants commenced a forfeiture action against Remigio and sought the permanent forfeiture of his seized vehicle pursuant to New York municipal law and Property Department policy. *Id*. at 1. The issue decided in the *Remigio* case was whether or not Remigio's due-process claim survived the statute of limitations because the deprivation was a continuing violation. The Court determined that the procedural due process claim could survive summary judgment. *Id*. at 15.

Based upon these cases, without offering this Court an analysis of how these cases should apply to the facts in this case, plaintiffs argue that "the permanent deprivation of Plaintiff [Dragonwood]'s animals was a natural and foreseeable consequence of the initial deprivation which was accomplished by an unconstitutional search and seizure," and "[t]he failure to return the Plaintiffs' animals is a second constitutional deprivation." (Pl.'s Br. in Supp. of Mot. for Summary Judgment, at 7, Dkt. 117).

The cases that plaintiffs cite in support of the notion that this court should grant partial summary judgment on liability are factually different. First, Felician and Simmert, in their capacity as individual members of the Milwaukee Police Department ("MPD"), did not control the return of Plaintiffs' property once seized; Wisconsin State Statutes govern property returns for both animals and property. Wis. Stat. § 173.23, disposition of animals; Wis. Stat. § 968.20, return of property seized. In all of the cases plaintiffs reference, the aggrieved parties sued the policy making institutions and not the individual officers who initially seized the property. In our case, plaintiffs assert that two officers who assisted in the execution of warrants are personally and individually liable and responsible for property that was not returned, despite the fact that Wisconsin state law regulates the return of property

9

seized. Plaintiffs fail to provide one shred of evidence or one applicable case as to why Simmert and Felician are somehow personally liable for the permanent deprivation of plaintiff Dragonwood's animals. Plaintiffs merely allege, without any factual or legal support, that the permanent deprivation was a "natural and foreseeable consequence." (Pl.'s Br. in Supp. of Mot. for Summary Judgment, at 7, Dkt. 117).

First, Simmert was not a supervisor at the time of the warrant execution (Dkt. 110, Def. PFOF 38, 100). In addition, Simmert did not have any authority over the continued hold of property once seized, that authority fell to the MPD Property Return Department, the Milwaukee Area Domestic Animal Control Commission ("MADACC") and the District Attorney's Office to determine what evidence was needed for court proceedings (Felician Dep. 80 20-25, 81 1-25, 82 1-15; Dkt. 115-9; Dkt. 118 Plaintiffs' PFOF 306). Plaintiffs fail to provide any valid argument as to how Simmert would be personally liable or responsible for the "continued deprivation" of plaintiff Dragonwood's animals.

Second, although Felician was a supervisor during the execution of the warrants, once the property was seized, Felician did not have the authority, supervisory or otherwise, to make determinations on whether or not to return property to plaintiffs. (Felician Dep. 80 20-25, 81 1-25, 82, 1-15; Dkt. 115-9; Dkt. 118 Plaintiffs' PFOF 306). *Property return was governed by a state law post deprivation procedure.* Plaintiffs provide as an exhibit to their summary judgment brief a letter dated May 13, 2010, the day after the initial execution of the warrant, outlining the procedure to follow and the Wisconsin State statute which governed the return of the animals, Wis. Stat. § 173.23 (a) – (d) (Dkt. 117-3, page 2). Plaintiffs acknowledge in their own brief that "the animals were transferred to third parties by *Circuit Court process* where Cullen was denied due process." (emphasis added) (Pl.'s Br. in Supp.

10

of Mot. for Summary Judgment, at 7, Dkt. 117). Plaintiffs do not assert that the transfer of the property to third parties was made at the hands of either of the named defendants in this case. In addition, an adequate state remedy did exist for Mr. Cullen to redeem his property (both animals and personal). In fact, Mr. Cullen's inventoried property was eventually returned to him when he followed state law to redeem it. (Dkt. 46-8). Therefore, any request for summary judgment based upon the fact that Defendants Felician or Simmert are liable for the property return process post-warrant execution should be denied.

### 3. Plaintiffs' assertion that they have no burden for recovery proceedings also fails to prove that Defendants are liable as a matter of law.

Plaintiffs imply in their brief that *McClendon v. Rosetti* is relevant to this Court's determination on whether to grant summary judgment on liability. *McClendon v. Rosetti* is a Second Circuit civil rights lawsuit. McClendon alleged his due process rights were violated by a New York City ordinance establishing a police property office and giving it powers over the handling and disposition of property. *McClendon v. Rosetti*, 460 F.2d 111 (2d Cir. 1972). In that case, the assertion was that the *ordinance* was unconstitutional, and the violation was caused by the ordinance. In our case, plaintiffs have filed their lawsuit against two individual MPD officers. Neither Simmert nor Felician was responsible for the animals once they were initially seized. Plaintiffs have provided no findings of fact or evidence that these individuals are liable for the continued deprivation of the animals and therefore summary judgment should be denied. Plaintiffs had an adequate post-deprivation remedy. Defendants Felician and Simmert are not liable for plaintiffs' failure to properly follow the State of Wisconsin property return law and procedures.

**CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiffs' motion for summary judgment on liability.

Dated and signed at Milwaukee, Wisconsin 20th day of October, 2020.

TEARMAN SPENCER
City Attorney

s/ Heather Hecimovich Hough
HEATHER HECIMOVICH HOUGH
Assistant City Attorney
State Bar No. 1092637

JENNY YUAN
Assistant City Attorney
State Bar No. 1060098

Attorneys for Defendants
Milwaukee City Attorney's Office
200 East Wells Street, Room 800
Milwaukee, WI 53202
Telephone: (414) 286-2601
Fax: (414) 286-8550
Email: hhough@milwaukee.gov

1032-2016-1146/271801