# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

THE DRAGONWOOD CONSERVANCY, INC.,
PLEGUAR CORPORATION,
TERRY CULLEN,

      Plaintiffs,

    v.                                                                  Case No. 16-CV-00534

PAUL FELICIAN,
PHIL SIMMERT II,
JANE AND JOHN DOE(S)
CITY OF MILWAUKEE, and
ABC INSURANCE COMPANY,

      Defendants.

---

## DEFENDANTS' RESPONSES TO PLAINTIFFS' PROPOSED FINDINGS OF FACT

---

NOW COMES Defendants Paul Felician, Phil Simmert, and the City of Milwaukee, by their attorney, Tearman Spencer, City Attorney, by Assistant City Attorney Heather Hecimovich Hough, as and for an Answer to Plaintiff's Proposed Findings of Fact state as follows:

101.    Mr. Cullen was the principal director of The Dragonwood Conservancy, Inc., a Florida non-for-profit corporation formerly known as The Cullen Vivarium Wildlife Conservancy (E-Doc #62, p. 3).

      **Answering paragraph 101, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). No dispute for purposes of this summary judgment motion only, however, this fact is immaterial.**

102. Cullen ran a conservation operation out of the 17th Street and 13th Street properties (E-Doc #62, pp 2-3)

**Answering paragraph 102, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). No dispute for purposes of this summary judgment motion only, however, this fact is immaterial.**

103. Detective Simmert received information that led him to believe that anacondas and alligators were being kept by Cullen in violation of city ordinances regulating non-domesticated and dangerous animals. [E-Doc#62 pp3-4]

**Answering paragraph 103, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). No dispute. (See DPFOF 18 – 133 Dkt. 110).**

201. Detective Simmert applied for and obtained a warrant to search the 13th Street and the 17th Street properties for evidence related to the violation of Wis. Stat. § 29.604, which, among other things, criminalizes certain conduct related to endangered and threatened species. [E-Doc#62, p.5]

**Answering paragraph 201, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). No dispute. (DPFOF 18 – 33 See Dkt. 110).**

202. The warrant indicated that there was probable cause to believe that the properties contained evidence relating to the *unlawful possession of endangered or threatened species*, in violation of Wis. Stat. § 29.604. [E-Doc#62 @ pp19]

**Answering paragraph 202, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). No dispute. (See DPFOF 18 – 33 Dckt. 110).**

203. The warrant described the "objects of the search" as:

2

- Reptiles including but not exclusive of Chinese Alligators or Chinese Crocodiles.
- Python or Anaconda snakes.
- Spiders and turtles.
- Items commonly associated with the breeding, transport, and care of the above listed animals. This would include items like heat lamps, cages, and warming rocks.
- Other endangered or threatened species not included on this list [in violation of sec. 29.604, Stats.; E-Doc#62, p.5]

**Answering paragraph 203, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). No dispute.**

204. The warrant was executed on/after May 12, 2010. [E-Doc#62, p.5]

**Answering paragraph 204, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). No dispute.**

205. Inside the 17th Street property, officers located and seized a lizard, alligators, scorpions, turtles, spiders, snakes, and a chicken. [E-Doc#62, p6]

**Answering paragraph 205, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). No dispute.**

206. Inside the 13th Street property, law enforcement seized a number of other animals. [E-Doc#62, p.6]

**Answering paragraph 206, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). No dispute.**

207.    Felician or Simmert either personally or through the direction of others caused openings to be cut in the two properties to allow direct removal of the large containers for the creatures at various property levels. [Edoc28 at pp6-7, 13]

**Objection as the cited document does not support these facts, excerpt from a previous brief of defendants prior to discovery; this proposed fact is not based on deposition testimony or a sworn Declaration to support.  Disputed.**

208.    In total, more than 200 animals were seized. [E-Doc#62, p7]

**Answering paragraph 208, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery).  No dispute.  (See DPFOF 52, 62, 63 Dkt. 110).**

209.    The Chinese alligators—which were critically endangered at the time— were listed on the warrant as a specific "object of the search" - as were "*other endangered or threatened species not included on the list";* along with "*items commonly associated with the breeding, transport, and care of such animals"*. [E-Doc#62 @ pp19-20]

**Answering paragraph 209, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery).  No dispute.**

210.    The warrants listed spiders and other reptiles (including but not limited to pythons, anacondas, and turtles) without any basis to believe those creatures were endangered or threatened under Wisconsin law or otherwise associated with illegal activities. [E-Doc#62 @ p20].

**Answering paragraph 210, objection; the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). Disputed. See DPFOF 18-33, Dkt. 110, which provides the factual basis supporting probable cause for the search warrants.**

211.    Although the warrant specifically described items to be seized, the list encompassed items beyond the scope of the crime under investigation. [E-Doc#62 @ pp19]

**Answering paragraph 211, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). Disputed. (See DPFOF 18-33, Dkt. 110).**

212.    The warrants were therefore unconstitutionally overbroad, providing officers with too much discretion over which animals to seize and resulting in dozens of animals being seized. [E-Doc#62 @ p20].

**Answering paragraph 212, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). Disputed as this is a legal assumption and an improper statement of "fact" requiring no response from Defendants and Plaintiff has no personal knowledge regarding it.  (See DPFOF 33, 68, Dkt. 110).**

213.    The belief that the animals violated city ordinances on dangerous creatures – or were otherwise evidence of mistreatment under state law- justified seizing certain animals (e.g., the alligators/crocodiles and some snakes). [E-Doc#62 at pp20]

**Answering paragraph 213, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). Disputed as this is a legal assumption and not a fact; Plaintiff has no personal knowledge regarding it. The undisputed facts show it was reasonable to seize all the animals. (See DPFOF 18-33, 68, Dkt. 110).**

214.    That belief does not apply indiscriminately to justify seizure of *all* of the animals (e.g., spiders, turtles, and the two dogs that weren't killed by the officers). [E-Doc#62 at pp20-21]

**Answering paragraph 214, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). Disputed as this is a legal assumption and not a fact; Plaintiff has no personal**

5

**knowledge regarding it. The undisputed facts show it was reasonable to seize all the animals. (See DPFOF 18-33, 68, Dkt. 110).**

215.    No reasonable officer could believe that every animal was being kept in violation of city ordinances or mistreated in violation of state law. [E-Doc#62 @ p22]

**Answering paragraph 215, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). Disputed as this is a legal assumption and an improper statement of "fact" requiring no response from Defendants and Plaintiff has no personal knowledge regarding it. The undisputed facts show it was reasonable to seize all the animals. (See DPFOF 18-33,  68, Dkt. 110).**

216.    The "plain-view" exception to the warrant requirement does not support seizure of all of Plaintiffs' animals . [E-Doc#62 @ p20]

**Answering paragraph 216, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). Disputed as this is a legal assumption and an improper statement of "fact" requiring no response from Defendants and Plaintiff has no personal knowledge regarding it. The undisputed facts show it was reasonable to seize all the animals. (See DPFOF 68, Dkt. 110).**

217.    No reasonable officer could have believed that he could seize each and every one of the plaintiffs' animals. E-Doc#62 @ p21].

**Answering paragraph 217, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). Disputed as this is a legal assumption and an improper statement of "fact" requiring no response from Defendants and Plaintiff has no personal knowledge**

6

regarding it. The undisputed facts show it was reasonable to seize all the animals. (See DPFOF 68, Dkt. 110).

218.     Officers seized animals plainly outside the scope of the warrants. [E-Doc#62 @ pp21]

**Answering paragraph 218, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). Disputed as this is a legal assumption and an improper statement of "fact" requiring no response from Defendants and Plaintiff has no personal knowledge regarding it. The undisputed facts show it was reasonable to seize all the animals. (See DPFOF 18-33, 68, Dkt. 110).**

219.     Because Detective Simmert prepared the search-warrant affidavit, he cannot rely on the issuing judge's assurance that there was probable cause to believe that the animals listed –aside from the Chinese alligators—were unlawfully possessed [E-Doc#62 at p. 21]

**Answering paragraph 219, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). Disputed as this is a legal assumption, is plainly argument, and an improper statement of "fact" requiring no response from Defendants and Plaintiff has no personal knowledge regarding it.**

220.     There were no "exigent circumstances" which required the immediate removal of the animals [E-Doc#62 at p.28].

**Answering paragraph 220, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). Disputed as this is a legal assumption and not a fact; Plaintiff has no personal knowledge regarding it. The undisputed facts show it was reasonable to seize all the animals. (See DPFOF 68, Dkt. 110).**

7

221.	Defendants' forging ahead without properly planning for handling of the animals, was objectively unreasonable under the circumstances. [E-Doc#62 at p.28]

**Answering paragraph 221, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). Disputed as this is a legal assumption and an improper statement of "fact" requiring no response from Defendants and Plaintiff has no personal knowledge regarding it.**

300.	On May 12, 2010, the Milwaukee Area Domestic Animal Control Commission (MADACC) received a formal "Police Request For Services", which dictated that Cullen would have to speak with Officer Simmert "before release of the animals" [See Declaration of Attorney Mark Murphy, hereinafter "Murphy", at par 4, referencing Exhibit A thereto].

**Answering paragraph 300, objection as to inadmissibility for summary judgment (document has no foundation, lacks supporting affidavit or declaration). No dispute for purposes of this summary judgment motion only, however, this fact is immaterial.**

301.	On May 13, 2010, the Milwaukee Area Domestic Animal Control Commission (MADACC) informed Cullen that the agency was holding his animals "for cause" on behalf of MPD [E-Doc#71 p3]; the notice advised Cullen to contact *Police Officer Simmert* at "MPD Sensitive Crime", as follows:

"Contact the below named police officer or other person to determine if that person intends to hold your animal for cause as described in SS173.21. That person will then notify us if there is no hold on your animals". [Murphy at par.5, referencing Exhibit B thereto]

**Answering paragraph 301, objection; inadmissible hearsay with no foundation; lacks support via Affidavit or Declaration.**

302.	Felician admits having the duty "to the extent possible" to provide for the welfare of the seized animals. [See, deposition transcript excerpt from Defendant Felician, attached as Exh D to Murphy Declaration; at pp40-41]

**Answering paragraph 302, no dispute as to the Defendant testimony, to the extent that the plaintiff is accurately stating the substance of said testimony.**

303.    Felician discussed with MADACC, its ability to handle the volume of creatures, and MADACC advised that "they didn't have the capacity to do so" [Felician, @p38], although Felician could not specifically recall "when the conversation took place, but, I mean, it was pretty apparent.  I mean, … I think 2- or 300 animals were removed.  I mean, that's just -- MADACC, like I said, normally is designed to  deal primarily with domesticated animals, cats and dogs, and if you go to their facility, I mean, it's not enormous.  I mean, they probably have the capacity to handle 20, 30 animals, maybe. So in a day-to-day operation, some of their capacity is already taken up by animals that they already have in their custody, if you will, the animals that they're going to take in in the normal course of their business, and then on top of it to bring in this amount of animals of this nature, that exceeded their capacity. [Felician @p39] 1 Simmert was not a party to the conversations with MADAC; he understands Felician had those conversations. [Simmert, p35]

**Answering paragraph 303, no dispute as to the defendant's testimony, to the extent that the plaintiff is accurately stating the substance of said testimony.**

304.    Felician admitted he was never "specifically" concerned at any time, about Cullen getting the animals back in the event Cullen was acquitted [Felician p69]

**Answering paragraph 304, no dispute as to the defendant's testimony, to the extent that the plaintiff is accurately stating the substance of said testimony.**

305.    Simmert and Felician acknowledge that a police "hold" was placed on all the animals [See, deposition transcript excerpt of Defendant Simmert attached as Exhibit E to Murphy Declaration; at pp46-7. Also, Felician@ p66];

**Answering paragraph 305, no dispute as to the defendant's testimony, to the extent that the plaintiff is accurately stating the substance of said testimony.  Dispute the citation to Felician @ 66, cited document does not support these facts.**

306.    Simmert acknowledges that the animals "were in our custody" [Simmert, pp46-7]; and that "MADACC, us and some zoo personnel" were responsible for the animals once seized from plaintiffs' properties [Id., p12]

**Answering paragraph 306, dispute the citation to Simmert @ 12, cited document does not support these facts. Dispute that Simmert, Felician, or the MPD were responsible for the animals once seized and further dispute that the animals were in the custody of Simmert, Felician, or the MPD when seized.  The question asked in deposition**

9

was "who is responsible for the animals *as* they leave the house," (emphasis added) the response was "us, some zoo personnel." (Simmert @11, 12).

307.   MADACC's Field Supervisor at the time -John McDowell- confirmed that the Milwaukee Police Department had a "hold" on the Plaintiffs' animals through July 20, 2010; specifically McDowell attests: "From May 12, 2010, through July 20, 2010, MADACC continued to hold the exotic animals under the directive of the Milwaukee Police Department" [after which the animals were relocated; Murphy at par6, referencing Exhibit C, McDowell Affidavit.]

**Answering paragraph 301, objection; inadmissible hearsay, lacks foundation, lacks support via Affidavit or Declaration. Plaintiffs have no personal knowledge regarding the allegations.**

308.   On July 13, 2010, Mr. Cullen moved the Circuit Court to return the seized animals, appoint a receiver to care for the animals while the criminal case was pending, and restrain any movement of the animals until further order of the court. [E-Doc#71 p3]

**Answering paragraph 301, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). Not disputed.**

309.   Plaintiffs' ownership rights were then terminated by the state court process, which did not provide them a reasonable opportunity to contest the seizure; and therefore Plaintiffs are authorized to proceed with their damage claims. [E-Doc#71, pp14, 16-17].

**Answering paragraph 301, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery). The state court process not providing them a reasonable opportunity to contest the seizure is disputed. Plaintiffs' authorization to proceed with their damage claims is a legal assumption and an improper statement of "fact" requiring no response from Defendants.**

310.   Cullen was not convicted of any crime relating to the animals. [Murphy, at par 2].

**Answering paragraph 310, no dispute for purposes of this summary judgment motion only, however, this fact is immaterial.**

311.    The animals have not been returned to Plaintiffs. [Murphy, at par 3]

**Answering paragraph 311, no dispute for purposes of this summary judgment motion only, however, this fact is immaterial.**

400.    The warrants did not list firearms as objects of the search, and firearms are substantially unrelated to the items that were listed. [E-Doc#62 at p23]

**Answering paragraph 400, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery).  No dispute that firearms were not listed as object of the search; dispute that firearms are substantially unrelated.**

401.    The warrants did not authorize the seizure of any firearms. [E-Doc#62 @p23 & @p24]

**Answering paragraph 401, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery).  No dispute that firearms were not listed as object of the search warrant. Whether the firearms were authorized to be seized pursuant to the search warrant is a legal conclusion and an improper statement of "fact" requiring no response from Defendants.**

402.    There was nothing within the search- warrant affidavits to suggest that Mr. Cullen had firearms, or that Cullen could not lawfully possess them [E-Doc#62 at p24]

**Answering paragraph 402, objection; as the cited document does not support these facts (document cited is an order from this court based upon findings of fact prior to discovery).**

Dated and signed in Milwaukee, Wisconsin this 20th day of October, 2020.

11

TEARMAN SPENCER
City Attorney


s/Heather Hecimovich Hough
Heather Hecimovich Hough
Assistant City Attorney
State Bar No. 1092637
Attorneys for Defendants Phil Simmert,
Paul Felician and City of Milwaukee

Milwaukee City Attorney's Office
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Tel.: (414) 286-2601
Fax: (414) 286-8550
E-mail: hhough@milwaukee.gov

1032-2016-1146/271802