UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THE DRAGONWOOD CONSERVANCY, INC.,
PLEGUAR CORPORATION,
TERRY CULLEN,

      Plaintiffs,

v.                                                   Case No. 16-CV-00534

PAUL FELICIAN,
PHIL SIMMERT II,
JANE AND JOHN DOE(S)
CITY OF MILWAUKEE, and
ABC INSURANCE COMPANY,

      Defendants.

---

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE CERTAIN WITNESSES AND TESTIMONY PERTAINING TO PLAINTIFFS' CONSERVANCY OPERATIONS AND PLAINTIFF TERRY CULLEN'S CHARACTER**

---

## INTRODUCTION

The execution of warrants in May of 2010 at properties affiliated with plaintiffs is the subject of this lawsuit. The sole defendants are former Milwaukee Police Department ("MPD") Lieutenant Paul Felician and Detective Phil Simmert II. Defendants have filed summary judgment to remove Jane and John Doe(s) and ABC Insurance Company as Defendants. Defendant City of Milwaukee is a defendant for indemnification purpose only (Dkt. 62 p. 34) and no *Monell* claim remains. The only issues which remain in this case are the following:

1. Did Felician or Simmert exceed the scope of the warrant by seizing all of the animals and personal property?

2. If so, is Felician or Simmert, or both, individually liable, or did Felician or Simmert, or both, violate a duty to intervene? And

3. Did plaintiffs suffer any damages as a result, and the value of those damages?

## ANALYSIS

Plaintiffs have identified a series of witnesses that they believe will assist the trier of fact in making a determination of the issues listed above. However, defendants assert that many of plaintiffs witnesses will testify to irrelevant and unduly prejudicial topics not related to any decision the jury will need to make and seek to exclude any reference to or evidence relating to the topics listed in this motion.

## FEDERAL RULES OF EVIDENCE

First, a brief discussion of the applicable federal rules of evidence.

### A. Rule 401 – Definition of "Relevant Evidence"

> "Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

This Rule is to be interpreted liberally. The Supreme Court has stated that there is a "low threshold" for establishing that evidence is relevant. *Tennard v. Dretke*, 542 US 274, 285, 124 S.Ct. 2362, 2570, 159 L.Ed. 384 (2004). *See also United States v. Boros*, 668 F.3d 901, 907 (7th Cir. 2012); *Adams v. Ameritech Services, Inc.* 231 F.3d 414, 425 (7th Cir. 2000). The following comment is particularly apt with respect to the definition of "relevant evidence":

> "Relevancy is not an intrinsic characteristic of any item of proffered evidence. Rather, it exists only as a function of the relationship between that item of evidence and a matter properly provable in the case. The question is whether

2

the evidence that is asserted to be relevant tends to prove the matter which it is offered to prove, and, further, whether that matter has any bearing on the issues in the case."

C.M. Grant and K. Zelvin, *Federal Trial Evidence* (2nd Ed, 2009) hereafter ("Grant & Zelvin") p. 85.

B. **Rule 402 – Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible**

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."

*See, United States v. Parker*, 716 F.3d 999, 1009-1010 (7th Cir. 2013); *United States v. Burge*, 711 F.3d 803, 814 (7th Cir. 2013); *United States v. Baker,* 655 F.3d 677, 681 (7th Cir. 2011). Rule 402 is essentially a corollary to Rule 401, *Boros*, *supra*, at 907. There exist a number of exceptions in the Rules and other enactments to the blanket rule of admissibility of relevant evidence, including, among others, the balancing inquiry of "unfair prejudice" prescribed by Rule 403, *infra*. *United States v. Earls*, 704 F.3d 466, 471 (7th Cir. 2012); *United States v. Miller*, 673 F.3d 688, 696-697 (7th Cir. 2012). *See also,* Grant and Zelvin, *supra,* pp. 95-96.

C. **Rule 403 – Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion or Waste of Time**

"The court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Rule 403 permits even relevant evidence to be excluded if its probative value is substantially outweighed by the risk of unfair prejudice, confusion or delay. It mandates the application of a balancing test between probative value and the risk of unfair prejudice. *See*, *United States*

3

*v. McMillan*, 744 F.3d 1033, 1039 (7th Cir. 2014); *United States v. Foley*, 740 F.3d 1079, 1088 (7th Cir. 2014). "When determining the admissibility of evidence under Rule 403, this Court [7th Circuit] "employ[s] a sliding scale approach: as the probative value increases, so does our tolerance of the risk of prejudice." *Earls*, *supra*, at 471 quoting *Whitehead v. Bond*, 680 F.3d 919, 930 (7th Cir. 2012). In Grant and Zelvin, *supra*, p. 114, the following is stated:

> This is a "catch-all rule" which can be applied to any other rule of evidence. Evidence that may otherwise be admissible under other rules of evidence can be made inadmissible under this rule. Rule 401 should be viewed in conjunction with this rule because, by its terms, evidence which is relevant will not be admissible if it does not meet the standards of Rule 403.
>
> All of the Federal Rules of Evidence should be read in the context of Rule 403; every objection should take this rule into account. If evidence is deemed relevant under Rule 401, i.e., 'having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence,' it may nevertheless be excluded by the court under Rule 403. If the weight of the opposing consideration substantially outweighs the probative value of the evidence, the evidence may be excluded.

D. **Rule 602 – Need for Personal Knowledge**

> "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703."

> Rule 602 provides that "[a] witness may testify to a matter only if evidence is introduced to support a finding that the witness has personal knowledge of the matter." Fed.R.Evid. 602. The Court has discretion in determining whether a witness has sufficient personal knowledge under Rule 602.

*United States v. Savage*, 2013 WL 271894, at *3 (E.D. Pa. Jan. 24, 2013) (citing *United States v. Lake,* 150 F.3d 269, 273 (3d Cir.1998)).

**E. Rule 611 – Mode and Order of Examining Witnesses and Presenting Evidence**

"(a) Control by the Court; Purposes.  The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
   (1) make those procedures effective for determining the truth;
   (2) avoid wasting time; and
   (3) protect witnesses from harassment or undue embarrassment."

"The trial court has a duty to protect a witness from questions which merely harass, annoy or humiliate him. *Alford v. U.S.,* 282 U.S. 687, 694 (1931). There is an "ever present need, power and duty resting upon the trial court to protect witnesses from undue harassment or embarrassment; as well as to move, with reasonable dispatch, the trial of the action and to limit its ranging too far afield." *U.S. v. Crosby*, 462 F.2d 1201, 1202 (1972)."

*Beames v. Davis*, 2015 WL 6703466, at *2 (E.D. Cal. Nov. 3, 2015)

## MOTIONS IN LIMINE

As noted above, Federal Rule of Evidence 402 states that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 401, in turn, provides that relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evidence relating to plaintiffs' conservancy operations, whether or not plaintiffs held federal permits, and plaintiff Terry Cullen's reputation and character is wholly irrelevant in this case and is therefore not admissible at trial.

**1. Lewdyn Densmore should be precluded from testifying at trial because his testimony is irrelevant.**

Plaintiffs disclose Lewdyn Densmore, Ph.D. as a witness in this case and provide that he will testify to the "conservancy operations of plaintiffs; including examples of extraordinary efforts regarding certain species, some of which were in progress and ruined by

5

the [sic]" (Dkt. 74-1 p. 1). Plaintiffs also provide a letter in support of Terry Cullen from Densmore (Dkt. 74-3) that details Densmore and Cullen's 20-year relationship and work they performed together. Mr. Densmore will offer no testimony of first-hand knowledge of defendants Felician and Simmert's personal involvement in the execution of the warrants, nor can he testify to any alleged damages caused by the execution of those warrants. Mr. Densmore's testimony, based upon the information provided to defendants by Plaintiffs, will only provide insight into Plaintiff Cullen's character and conservation efforts, neither of which are relevant for a jury to determine whether or not a constitutional violation occurred at the hands of two individually named officers; and if so, what damages plaintiffs are entitled to. The subject matters Mr. Densmore is expected to testify to at trial are wholly irrelevant to the issues for trial.

**2. Curt Harbsmeier should be precluded from testifying at trial because his testimony is irrelevant and would be unduly prejudicial to a jury.**

Plaintiffs offer Curt Harbsmeier as a witness who will "testify that his opinions are offered to a reasonable degree of certainty within his field of expertise; he is also a fact witness as he is familiar with…" (Dkt. 74-1 p. 1). Plaintiffs provide a CV, affidavit and report from Mr. Harbsmeier and he represents he is an attorney and that Mr. Cullen does not need a possession permit for the Chinese alligators. Mr. Harbsmeier's report discusses the condition of animals under the care of the Milwaukee Area Domestic Animal Control Commission (MADACC). (Dkt. 74-7). In addition, plaintiffs have disclosed that Attorney Harbsmeier will also testify to the value of Chinese alligators (he "recently turned down offers of 25-30 thousand dollars for each") (Hough Declaration, Exhibit A).

6

First, Attorney Harbsmeier was offered as a witness to discuss permitting and the conditions of animals while under the care of MADACC. While the parties have stipulated to not illicit testimony or evidence as it relates to federal or state animal permit requirements, plaintiffs did not agree to stipulate to not calling Attorney Harbsmeier as a witness. (Hough Declaration par. 3 and 4). Defendants will file a separate motion *in limine* to exclude any testimony about the conditions of the animals post-seizure because that testimony is irrelevant to determine the actual issues in the case. If this court rules that such testimony be excluded, the only remaining issue for Attorney Harbsmeier to testify to is the value of a Chinese alligator based upon the fact that he "has two Chinese alligators, and recently turned down offers of 25-30 thousand dollars for each". (Hough Declaration, par. 5 Exhibit A). However, Attorney Harbsmeier is not offered as an expert animal valuation witness.

It is unclear at this time if plaintiffs offer Attorney Harbsmeier as an expert or layperson. Plaintiffs' witness list states that Attorney Harbseier will "testify that his opinions are offered to a reasonable degree of certainty within his field of expertise; he is also a fact witness as he is familiar with…" (Dkt. 74-1, p. 1). Plaintiffs provide a CV that would indicate Attorney Harbsmeier is an expert in animal permits. If plaintiffs hold him out to be an expert witness, and then have him testify as to valuation, it may likely confuse the jury into believing he is a valuation expert.

Plaintiffs' Counsel provides a letter in support of Plaintiff Terry Cullen from Attorney Harbsmeier. All information contained in the letter has no bearing on the issues a jury needs to decide at trial in this case. The letter is a glowing review of Plaintiff Terry Cullen and not much else (Hough Declaration, Exhibit B). Testimony related to the contents of the letter, if

7

allowed at trial, would be unduly prejudicial and wholly irrelevant. Because Attorney Harbsmeier's testimony would not be of any value to the trier of fact in making a determination of the issues plaintiff brings to trial, his testimony should be precluded.

> **3. Bill Zeigler should be precluded from testifying at trial because Plaintiff's conservancy operations are irrelevant to determining whether or not a constitutional violation occurred and may be unduly prejudicial to a jury.**

Plaintiffs disclose Bill Ziegler as a witness who will testify to plaintiff's conservancy operations. Whether or not plaintiffs' conservancy operations were good or bad is not an issue to be decided by the jury. Testimony of the conservancy operations' character (and therefore, plaintiffs' character), would only illicit sympathy for plaintiff and would have no role in assisting the trier of fact to determine whether or not a constitutional violation occurred and if so, what plaintiffs are entitled to. In fact, any testimony regarding plaintiffs' conservancy operations would be unduly prejudicial to defendants, confuse issues for trial, could mislead the jury and would be a waste of time. See Fed. R. Evid., Rule 403. To allow such testimony at trial would be akin to allowing defendants to call witnesses at trial who would testify to Defendants' Felician and Simmert's past good performance as police officers. Ziegler may be used as a witness in accordance with Fed. R. Evid. Rule 608 should defendants assert that plaintiffs' **conservancy operations** are not credible, but this court should not allow testimony of a witness whose only basis for testifying is not to provide evidence or testimony for the issues to be decided by the jury, but testimony related to the good reputation of plaintiffs and therefore, this testimony should be inadmissible.

8

Case 2:16-cv-00534-NJ   Filed 10/26/20   Page 8 of 13   Document 132

### 4. James Schauer should be precluded from testifying at trial because his testimony is irrelevant and would be unduly prejudicial to a jury

James Schauer was disclosed as "volunteer at Wis. Humane Society; and he was an associate of plaintiffs and may give example of operations; WHS would turn to Plaintiffs for rehabilitation/handling of rescued creatures for rehabilitation; he can testify to Plaintiffs' "return rate" (back to the wild, or for educational settings) was roughly 90%... aware of Plaintiffs' operations; he was in buildings prior to raids and saw the buildings after raids and can testify to the wanton destruction including standing water, amongst others; spoke with Andrew Badje (DNR) who advised that no state permit was needed to possess federally listed endangered species in the State of Wisconsin." (Dkt. 74-1 p. 6). Plaintiffs' counsel provided additional information about this witness by disclosing a letter in support of Plaintiff Terry Cullen during discovery (Hough Declaration, Exhibit B). The letter discusses the working relationship between Plaintiff Cullen and Mr. Schauer and asserts that Mr. Schauer made no observations of Plaintiff Cullen mistreating animals. (Id.).

James Schauer should be precluded from testifying because any testimony he offers is not probative, irrelevant, and cumulative. First, plaintiffs assert that Mr. Schauer would testify to plaintiffs' operations. Again, the validity of plaintiffs' conservancy operations is not an issue for trial. In addition, testimony offered regarding plaintiffs' rehabilitation of creatures is also irrelevant to determine whether or not a constitutional violation had occurred at the hands of defendants Felician and Simmert. Plaintiffs disclose that Mr. Schauer would offer testimony regarding state and federal permits and the parties have stipulated that no witness will testify to state or federal permits because such testimony is irrelevant and not probative. Mr. Schaer's testimony regarding observations made at

properties prior to the execution of the warrants and at some time after the execution of those warrants would be cumulative because a number of witnesses plaintiffs have identified will testify to these very same observations. Plaintiffs have conceded that no witness can offer testimony as to personal observations made during the execution of the warrants or testimony as to personally observing defendants Felician or Simmert causing or witnessing property damage. Because much of Mr. Schauer's testimony is irrelevant, and the only thing he could offer is testimony that other witnesses will assert and his testimony would be cumulative, defendants request this Court preclude Mr. Schauer from testifying.

## 5. Collette Adams should be precluded from testifying at trial because her testimony is irrelevant and would be unduly prejudicial to a jury.

Plaintiffs' disclose Collete Adams as a potential witness and assert, "see police reports and CV submitted herewith; is a member of the Crocodile Specialist Group; was familiar with Plaintiffs' operations; received some for the creatures at her zoo; Plaintiffs' warehousing of creatures not unlike most zoos (behind the scenes). (Dkt. 74-1 p. 9; Dkt. 74-5). Ms. Adams is another witness who cannot assist the trier of fact in making a determination of whether or not a constitutional violation occurred, or what damages might be should a jury decide that defendants Felician or Simmert are liable. Plaintiffs' conservancy operations are irrelevant and offer no probative value. Whether or not Ms. Adams received animals and that her warehousing of creatures is unique is also irrelevant. During discovery, plaintiffs provided defendants with a "letter sent in professional support of Mr. Terry Cullen" sent by Ms. Adams (Hough Declaration, Exhibit C). In the letter, Ms. Adams details his personal experiences with Mr. Cullen and his passion for reptiles. Nothing in the letter indicates that Ms. Adams would provide testimony to the trier of fact that is

relevant and in fact, her glowing review of Plaintiff Cullen, if such testimony were to be elicited at trial, would not only be irrelevant but unduly prejudicial to a jury. Ms. Adams offers no ability to testify to observations made related to damages or a constitutional violation and therefore this Court should preclude Ms. Adams from serving as a witness at trial.

### 6. Craig Pradorelli should be precluded from testifying at trial because his testimony is irrelevant and cumulative.

Plaintiffs may call Craig Pradorelli to testify and his testimony would be that he is "familiar with Plaintiffs' operations; saw buildings after raids including wanton damage and standing water damage." (Dkt. 74-1 p. 9). Again, plaintiffs' operations are not an issue for trial. In addition, Mr. Pradorelli would only offer cumulative testimony about observations made at the properties prior to the warrants, and at some time after the execution of the warrants – evidence that is being brought in by a number of additional witnesses that plaintiffs' have identified. Because Mr. Pradorelli's testimony would be a needless presentation of cumulative evidence, it should be excluded by Fed. R. Evid. 403.

### 7. Evidence and Testimony Regarding Plaintiffs' conservancy operations is irrelevant and should be precluded.

Plaintiffs have identified a number of witnesses who will testify to plaintiffs' conservancy operations. These witnesses include Lewdyn Densmore, Bill Zeigler, Dave Davenport, Erik Katz, Rex Raasch, James Schaeur, Collete Adams and Craig Prodorelli. Whether or not plaintiffs' conservancy operations were legitimate is irrelevant to what the individually named officer defendants knew at the time of warrant execution and to determine if those officers violated plaintiffs' constitutional rights. The jury is not making a decision as to whether plaintiffs operated a legitimate business. The validity of plaintiffs'

11

conservancy operations does not assist the trier of fact to determine whether or not defendants Felician or Simmert exceeded the scope of the warrant; nor does the validity of those operations assist the trier of fact in a damages determination. The testimony would be offered merely to bolster plaintiffs' credibility or reputation to the jury and potentially illicit sympathy. Testimony that is relevant to the case is testimony that would be probative, to make relevant disputed points more or less true. Plaintiffs' conservancy operations and whether or not they are valid is not a disputed point in this case. Therefore, the testimony has no probative value and it therefore should be excluded by Fed. R. Evid. 402 because such testimony is irrelevant and Fed. R. Evid. 403 because allowing such testimony would be prejudicial, confusing to the jury, and a waste of time.

> **8. Evidence and Testimony Regarding Plaintiff Terry Cullen's character is irrelevant and should be precluded.**

Plaintiffs have identified a number of witnesses who may potentially testify to plaintiffs' character. (see Hough Declaration, Exhibits B and C). Generally, character evidence is not admissible. Allowing such witnesses to testify to proactively bolster Plaintiff's credibility without any basis for determining an issue in this case is unduly prejudicial to defendants. Whether or not Plaintiff Terry Cullen is well-respected by those within his professional circle is not an issue for the jury to decide. Allowing such testimony at trial would serve no purpose. Plaintiff Terry Cullen's reputation does not assist the trier of fact to determine whether or not defendants Felician or Simmert exceeded the scope of the warrant; nor does his reputation assist the trier of fact in a damages determination. Testimony that is relevant to the case is testimony that would be probative, to make relevant disputed points more or less true. Such testimony also has no probative value and it

12

Case 2:16-cv-00534-NJ   Filed 10/26/20   Page 12 of 13   Document 132

therefore should be excluded by Fed. R. Evid. 402 because it is irrelevant and Fed. R. Evid. 403 because allowing such testimony would be prejudicial, confusing to the jury, and a waste of time.

## CONCLUSION

Based on the foregoing arguments and authorities, Defendants respectfully request that the Court enter an Order *in Limine* precluding any reference, testimony or evidence relating to the items discussed above.

Dated and signed at Milwaukee, Wisconsin, this 26th day of October, 2020.

> TEARMAN SPENCER
> City Attorney
>
> */s/ Heather Hecimovich Hough*
> _____
> HEATHER HECIMOVICH HOUGH
> State Bar No. 1092637
> Assistant City Attorney
>
> JENNY YUAN
> State Bar No. 1060098
> Assistant City Attorney
>
> Attorneys for Defendants
> City of Milwaukee, Paul Felician and
> Phil Simmert, II

P.O. ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Telephone: (414) 286-2601
Facsimile: (414) 286-8550
Email: JYuan@milwaukee.gov

1032-2016-1146/272025