# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF WISCONSIN

THE DRAGONWOOD CONSERVANCY,    )
 PLEGUAR CORPORATION, TERRY CULLEN  )
        Plaintiff,         )
                     )
vs.                     )
                     )
PAUL FELICIAN, PHIL SIMMERT II,    )    Case No. 2:16-cv-00534-NJ
JANE AND JOHN DOE,          )
CITY OF MILWAUKEE AND       )    Judge N. Joseph
ABC INSURANCE COMPANY      )
         Defendants.      )

## PRETRIAL REPORT PURSUANT TO CIVIL L.R. 16(c)

## A. SUMMARY OF THE FACTS

A significant portion of the facts in this case remain undisputed, and are derived directly from Judge Jones' prior Orders on Defendants' Motions For Summary Judgment [EDoc 62 & 71].

Mr. Cullen was the principal director of The Dragonwood Conservancy, Inc., [a 501c3 entity homed in Eustis, Florida]. [E-Doc#62, p. 3] Cullen also ran [part of the] conservation operations out of the 17th Street and 13th Street properties. [EDoc#62, pp2-3]. [1]

At all times material hereto, Lt. Felician and Det. Simmert, were acting in the course and scope of their employment and under color of law as City of Milwaukee police officers.

Detective Simmert applied for and obtained a warrant to search the 13th Street and the 17th Street properties; the warrant indicated that there was probable cause to believe that the properties contained evidence relating to the *unlawful possession of endangered or threatened species*. [E-Doc#62 @ pp5,19]. The warrant described the "objects of the search" as:

---

[1] Cullen is also the sole owner of Pleguar Corp.

- Reptiles including but not exclusive of Chinese Alligators or Chinese Crocodiles.
- Python or Anaconda snakes.
- Spiders and turtles.
- Items commonly associated with the breeding, transport, and care of the above listed animals. This would include items like heat lamps, cages, and warming rocks.
- Other endangered or threatened species not included on this list [in violation of sec. 29.604, Stats.; E-Doc#62, p.5] [1]

The search warrant was executed by Defendant on/after May 12, 2010. [E-Doc#62, p.5] Lt. Felician was the on-scene commander in charge.

Inside the 17th & 13th Street properties, officers located and seized a variety of animals including reptiles. [E-Doc#62, p.6]   Lt. Felician or Det. Simmert either personally or through the direction of others caused openings to be cut in the two properties to allow the removal of the large containers for the creatures at various property levels.   [Edoc28 at pp6-7, 13]   In total, more than 200 animals were seized. [E-Doc#62, p7].   A 'police hold' was put on the animals by Det Simmer and/or Lt Felician.

The Court has ruled that the warrants were properly supported by probable cause and identified certain animals to be seized.  However he also ruled that the warrants further listed animals without any basis to believe they were endangered or threatened under Wisconsin law, or otherwise associated with illegal activities.  [E-Doc#62 @ p20].   Although the warrant specifically described items to be seized- the list encompassed items beyond the scope of the crime under investigation.  [E-Doc#62 @ pp19].   It was ruled that the warrants were unconstitutionally overbroad, providing officers with too much discretion over which animals to seize and resulting in dozens of animals being seized without a valid warrant.   [E-Doc#62 @ p20].

It was further ruled that the Defendants' reasons for seizing animals did not justify the seizure of *all* of the animals.  [E-Doc#62 at pp20-21] and ruled that "no reasonable officer could believe" that every animal was being kept in violation of city ordinances or mistreated in violation

---

[1]  Note:  Simmert also executed a search warrant with virtually identical terms, at Plaintiffs' "KK" Property, which was obtained by a Detective Unger.

of state law.  [E-Doc#62 @ p22].[1]  Therefore Defendants seized animals plainly outside the scope of the warrants [E-Doc#62 @ pp21]; and that "no reasonable officer could have believed that he could seize each and every one of the plaintiffs' animals".   E-Doc#62 @ p21].  Defendants "forging ahead without properly planning for handling of the animals, was objectively unreasonable under the circumstances".  [E-Doc#62 at p.28].  [2]

Roughly two months after the wholesale seizure of the animals -on July 13, 2010- Mr. Cullen moved the Circuit Court to return the seized animals, and restrain any movement of the animals until further order of the court. [E-Doc#71 p3]   Plaintiffs' ownership rights were then terminated by the state court process, which did not provide them a reasonable opportunity to contest the seizure.  [E-Doc#71, pp14, 16-17].

Cullen was not convicted of any crime.  The animals were never returned to Plaintiffs.

Plaintiffs now claim money damages from being subject to unreasonable searches and seizures by the Defendants.   The damages *include* the value of the animals seized; the value of progeny lost; the loss of income from events; damages to real property; damage to (and loss of) personal property; as well as damages to Plaintiff personally (including the mental and emotional pain and suffering, loss of reputation, and loss of enjoyment of life).

Defendants deny that any and all searches and seizures were unreasonable in any way.


## B.  STATEMENT OF ISSUES

      **1.**      Whether (either or both) Defendants conducted a search of Plaintiffs' property in an unreasonable manner.

---

[1]  Jones also ruled that the "plain-view" exception to the warrant requirement did not support seizure of all of Plaintiffs' animals [E-Doc#62 @ p20] and that there were no "exigent circumstances" which required the immediate removal of the animals [E-Doc#62 at p.28].

[2]   Lt. Felician admits he was not "specifically" concerned at any time, about Cullen getting the animals back in the event Cullen was acquitted.  Also, both Defendants admit that they sent Plaintiffs' animals to MADACC *knowing* that MADACC would not be able to care for them.  A police "hold" was then placed on all the animals after they were seized.

**2.**     Whether (either or both) Defendants conducted a seizure of any of Plaintiffs' property in an unreasonable manner.

**3.**     Whether (either or both) Defendants as bystander officers, failed to intervene in the unreasonable search of Plaintiffs' property

**4.**     Whether (either or both) Defendants as bystander officers, failed to intervene in the unreasonable seizure of Plaintiffs' property.

**5.**     Whether (either or both) Defendants were supervisory officers, who knew that an unreasonable search of Plaintiffs' property was occurring (or was about to occur) and either approved, assisted, condoned, and/or purposely ignored it.

**6.**     Whether (either or both) Defendants were supervisory officers, who knew that an unreasonable seizure of Plaintiffs' property was occurring (or was about to occur) and either approved, assisted, condoned, and/or purposely ignored it.

**7.**     What amount of money would fairly and reasonably compensate Plaintiffs for the unreasonable search of their property by (either or both) Defendants.

**8.**     What amount of money would fairly and reasonably compensate Plaintiffs for the unreasonable seizure of their property by (either or both) Defendants?

**9.**     What amount of money would fairly and reasonably compensate Plaintiffs for (either or both) Defendants' failure to intervene and prevent the unreasonable search?

**10.**     What amount of money would fairly and reasonably compensate Plaintiffs for (either or both) Defendant's failure to supervise and prevent the unreasonable search?

**11.**     What amount of money would fairly and reasonably compensate Plaintiffs for (either or both) Defendant's failure to intervene to prevent the unreasonable seizure?

**12.**     What amount of money would fairly and reasonably compensate Plaintiffs for (either or both) Defendant's failure to supervise and prevent the unreasonable seizure?

**13.**     Was the conduct of either or both Defendants malicious or in reckless disregard of Plaintiffs' rights?

**14.**     What amount of money, if any, is to be awarded against Defendants as punitive damages?

**C.     PLAINTIFFS" WITNESS LIST**

**1.     <u>Plaintiff's Case-In-Chief:</u>**

Lewellyn Densmore PHD,
Texas Tech Univ. Chair Dept. of Biology Sciences,
Box 43131 Lubbock, TX 79409
806.742.2715

James Schauer
6327 W. Allerton Ave., Greenfield, WI 53220
414-899-6822

Paul Felician (adversely)
c/o City Attorney
Phil Simmert (adversely)
c/o City Attorney
Ivan Wick (adversely)
c/o City Attorney
Officer Andrew Moutry (adversely)
c/o City Attorney

Mike Graylach
5716 W. Penninsula Rd., Waterford, WI 53185
414-817-6863

Atty. Stephen Glynn [videotaped deposition]
8488 Woodbriasr Dr., Sarasota FL 34238
414-221-9600

Craig Pradarelli,
1401 Magruder St., El Paso TX 79925
414.839.8624

Dave Davenport
515 St. Lawrence Ave., Janesville, WI 53545
608-206-9155

Erik Katz
5007 25th Ave., Kenosha, WI 53140
262-577-1810

Rex Raasch
5613 Badger Ct., Greendale, WI 53129
414-630-8668

Atty. David Halbrooks
2924 E. Linnwood Ave., Milwaukee, WI 53211
414-840-0228

Atty. Josh Levy
2207 E. Glendale   Whitefish Bay, WI 53211
414-978-5554

Atty. Curt Harbsmeier
5120 S. Lakeland Dr. Suite 3, Lakeland, FL 33813
863-640-7484

Atty. Tony Cotton

1535 E. Racine Ave. Waukesha
262-542-4218

Jane Flint
2319-2323 S. 13th St.
Milwaukee, WI
(414) 704-9911

Terry Cullen
3443 S. 17th St./ 3448 S. Kinnickinnic Ave
Milwaukee, Wi
(352) 423-0081

2. **Expert Witnesses**

**Mitchel Kalmanson**
235 S. Maitland Ave. Suite 201 Maitland FL   32751
407-645-5000

Mr. Kalmanson is one of the largest and most experience insurers of exotic animals in the world (he is affiliated with Lloyd's Of London, amongst others). He has been involved in valuing and insuring exotic animals (including reptiles) for over three decades. He has submitted a report of several hundred pages, which details his valuation of the Plaintiffs' animal collection -as to the animals, lost progeny, and lost income- as exceeding $22 million.

**John Larsen**
208 Park Blvd. Glenellen, IL 60137
630-418-0031

John Larsen is a now retired, former FBI trainer and crime scene reconstructionist -amongst other accolades, including having been named the Law Enforcement Officer of the Year for the Chicago Region by Congressional Act. His reports have been filed in this  case, which include his opinions that the Defendants' search and seizure was unreasonable, amongst others.

**Bill Ziegler**
14110 W. 167 St. , Homer Glen, IL  60491
352-804-1003

Bill Ziegler was called into this case in 2010 by MADACC after the seizures, where he personally observed the animals (shortly after being seized by Defendants) and opined that virtually all animals were in good-to-very-good-health. About one month later he again personally inspected the animals at MADACC, and noted their significant deterioration due to being kept in poor conditions at MADACC. Ziegler also has a historical, professional relationship with Plaintiffs and is able to give testimony about his history with Plaintiffs, along with Plaintiffs' expertise, operations, and breeding prowess.

**Collette Adams,**
500 E Ringgold St, Brownsville, TX 78520

Collette Adams is the General Curator at the Gladys Porter Zoo in Brownsville, TX and former curator of herpetology. Her zoo had animals on breeding loan to Plaintiffs (and received those animals back after they were seized herein). She also has had a professional, historical relationship with Plaintiffs and is able to is able to give testimony about Plaintiffs' expertise, operations, and breeding prowess.

**William Snyder, MJ Sales, Inc.**
12120 St. Rte. 173, Hebron, IL 60034-0327
815-648-1463

Mr. Snyder is a gun broker, and Plaintiffs have filed his estimated values of certain guns [which Plaintiffs allege were effectively stolen during the raids, as they went missing as the result of the raids, they were never inventoried, and they were never returned].

**Chris Lehman, c/o Lehman Construction**
320 E Wilson St, Milwaukee, WI 53207
414-339-5536

Mr. Lehman is a general contractor who has given estimates of the cost of repairs [resulting from the property damages claimed by Plaintiffs herein].

**Anthony Mader, Hunt's Floring**
2200 S. 108th St., West Allis, WI 53227
414.321.7507

Mr. Mader is a flooring contractor, who has given estimates of the cost of repairs [resulting from the property damages claimed by Plaintiffs herein].

**Bert Kelly, Milwaukee Plastering**
3267 S. Springfield Ave., Milwaukee, WI 53207
414-331-3604

Mr. Kelly is a plastering and window contractor (amongst others) who has given estimates of the cost of repairs [resulting from the property damages claimed by Plaintiffs herein

3. **Rebuttal Experts**

John Larsen (above)

**Rex Raasch** (above): has been disclosed as a potential rebuttal witness, to Defendants' proffered expert witness, Sean Perry

**Danny Connor**, dannyconner@retileadventures.net; 830-370-8168; has been disclosed as a potential rebuttal witness, to Defendants' proffered expert witness, Sean Perry

**Ryan McVeigh**, Executive Director Madison Area Herpetological Society, 608-658-4653; Has been disclosed as a potential rebuttal witness, to Defendants' proffered expert witness, Sean Perry

## PLAINTIFFS RESERVE THE RIGHT TO CALL:

Atty. Bob Dvorak
    320 E. Buffalo Ste 700, Milwaukee, WI 53202
    414-271-3400

Cindy Pamasano, MADACC records custodian
    3839 W. Burnham St.
    West Milwaukee, WI  53215
    (414) 469.8640

Foundation/Authentication/Impeachment Witnesses

Any other witness identified by the parties

**D.**    **DEFENDANTS' WITNESS LIST**

1.    Defendants' Expert Witness:

Defendants were to identify any and all expert witnesses by June 30, 2020. [EDoc 89; as amended May 28, 2020, E-Doc 92]

Defense has only disclosed one expert witness:  Sean Perry.

2.    Defendants' Other Witnesses:

Plaintiffs originally attempted to discover the identity and subject matter of Defendants' trial witnesses, per Plaintiffs' 1st Set of Written Interrogatories issued to Defendant, at Interrogatory #16 which asked Defendants to "Identify all Witnesses -including experts- you may call at trial

hereof, along with a summary of their anticipated testimony".   Defendants' response (in July of 2020) -for the record- continues to be:

> **OBJECTION, at this early stage in litigation this information has not been determined, subject to said objections please see Defendant's Rule 26 Disclosures and any and all supplements.**

Since then, Plaintiffs by counsel have received several amended disclosures from Defendants' Counsel per frcp26, which specifically identified the following witnesses for trial:

> Officer Wick
>
> Erica Lewandowski (DNS)
>
> Multiple MFD personnel
>
> Asst. City Atty. Jay Unora
>
> Ryan Ranker (City Assessor)

Last Friday -on October 22, 2020- counsel for the parties convened by phone for trial discussion, including "motions *in limine*".   Defense Counsel proceeded with lengthy questioning and vetting of Plaintiffs' intended trial witnesses and evidence.

In turn however, when asked to answer the same questions about their trial witnesses and evidence, Defense Counsel *demurred* and indicated they were 'not prepared' to do so.

E.	**LIST OF EXHIBITS**

1.	**Plaintiff's Exhibit List**

| Exhibit # | | |
|---|---|---|
| 1 | Dragonwood Video from florida | |
| 2 | Video of Croc Hatchlings | |
| 3 | Mosaic of animal photos - collage of MPD photos | |
| 4 | Dragonwood Mission Statement | |
| 5 | Photo: Dogs/pets | |
| 6 | Photo: Mooshoo/pet | |
| 7 | Standard Operating Procedures | |
| 8 | Search warrants (x4) | |
| | 8a | 13th |
| | 8b | 17th Street |
| | 8c | KK |
| | 8d | 16th Street MPD vs. Damage (est. 4 photos) |
| 9 | Excerpts of MPD Video footage of walkthrough 13th Street | |
| 10 | Photo: | |
| | 10a | 13St. Street MPD vs. Damage (est. 64 photos) |
| | 10b | 16th Street MPD vs. Damage (est. 4 photos) |
| | 10c | 17th Street MPD vs. Damage (est. 22 photos) |
| | 10d | S KK Ave. MPD vs. Damage (est. 28 photos) |
| | 10e | Dragonwood Education (est. 29 photos) |
| | 10f | Dragonwood Facility (est. 21 photos). |
| 11 | MADACC documents | |
| | 11a | Spreadsheets (of animals and information) |
| | 11b | Spreadsheet (colors) with shipping info |
| | 11c | MPD request for services ("Simmert") |
| | 11d | Notice of police hold ("Simmert") |
| | 11e | MADACC status form giant pouch rats |
| | 11f | Atty. Levy email to Cullen with MADACC email |
| | 11g | Cover and atty. Levy email to MADACC 5/19/10 |
| | 11h | Affidavit of McDowell – police hold on animals until |
| | 11i | Fax cover and Notice to Atty Levy |
| | 11j | Dead gator photo from MADACC |
| | 11k | Glynn email from ADA; Atty. Levy, Sobel |
| | 11l | Glynn email from ADA re: petition |
| | 11m | Email from AZA regarding placement of animals |
| | 11n | Bronx Zoo spreadsheet, manifest and airway bills |
| | 11o | Comparison photos MPD vs. MADACC (33 comparisons) |
| | 11p | US Fish and Wildlife June 11, 2010 email / MEMO |
| | 11q | photos of animals NOT inventoried (est. 22) |
| | 11r | MADACC "dispositions" (i.e., kill ratio) |
| | 11s | kill dispositions 2010-2011 |
| | 11t | Kill dispositions 2011-2012 |
| | 11u | kill dispositions 2012-2013 |
| | 11v | Email from Atty. Cotton / MADACC 7/20/10 |

| | | |
|---|---|---|
| 12 | Animal Ownership Documents | |
| 13 | Timeline of Animals Shipped | |
| 14 | Glynn Depo Video: - excerpts | |
| 15 | Cullen "proposal" for animals | |
| 16 | Larsen Report on destruction | |
| 17 | Kalmanson Report: | |
| 18 | MJ Sales - Gun Estimate | |
| 19 | Summary and Contractor damage estimates | |
| | 19a | Damage / Repair Estimates Lehman |
| | 19b | Damage / Repair Estimates Bert Kelly |
| | 19c | Damage / Repair Estimates Hunt Flooring |
| 20 | Unrecorded Deed 17th Street | |
| 21 | Personal Property Damage Lists | |
| 22 | Certified DFI name change: Pleguar | |
| 23 | State of Florida Articles Annual Filings for Dragonwood | |
| 24 | Property Control Guns Destroyed | |
| 25 | Property Control Guns Returned | |
| 26 | Judge Donald's 2016 Order For Return (of guns) | |
| 27 | DNS Notes | |
| 28 | Police Reports for Simmert | |
| 29 | Police Reports for Wick | |
| 30 | Milwauke Fire Department Records | |
| 31 | Prior Affidavits | |
| | 31a | Simmert |
| | 31b | Felician |
| | 31c | Wick |
| 32 | Deposition Transcripts - including Jane Flint case | |
| | 32a | Simmert |
| | 32b | Felician |
| | 32c | Wick |
| | 32d | Moutry |
| 33 | Ivan Wick email received from USFWL | |
| 34 | Bill Ziegler Report prepared for MPD / Dist. Attorney / MADACC | |
| 35 | Terry Cullen's complaint re: MPD conduct | |
| 36 | US Fish and Wildlife Service Permit Application ICC | |
| | | |

*Plaintiffs respectfully reserve the right to modify above based upon
Defendants' Pre Trial filings herein; and pending Judge's Decisions

**F.     DESIGNATION OF DEPOSITION TESTIMONY**

**Stephen Glynn,** video deposition (excerpted portions)

Pursuant to Fed. Rule 32(a)(3) Plaintiffs plan to use excerpts of deposition transcripts of

**Lt. Felician** taken 2/24/2020 and 10/30/2014 and

**Det. Simmert** taken on  2/4/2020 and 10/30/2014.

**Officer Andrew Moutry** (taken in 2014 for Et. Dis. Case 2014 CV 333)

Plaintiffs reserve the right to utilize deposition testimony of witnesses who are deemed to be unavailable for trial, as well as for impeachment.

**G.     ESTIMATED TIME FOR TRIAL** :  depending upon the Court's evidentiary and other pretrial rulings, Plaintiffs continue to estimate 5 days for their case in chief.

**H.     JURY TRIAL**

**1.   Proposed Voir Dire**

*****Plaintiffs respectfully requests and pursuant to Fed. Rule 47(a) that counsel be allowed to examine prospective jurors -in addition to the court's questions- and respectfully requests to be heard on this issue and/or to brief it.

**A.  Plaintiffs' Proposed Voir Dire – Topics (not including follow up questions)**
- Have you ever resided in the City of Milwaukee?
- Do you know any of the parties; the lawyers; or potential witnesses?
- Have close family members ever been employed by the City or County of Milwaukee?
- Have you ever been the victim of a crime?
  - What were the circumstances?
  - Would that experience affect your ability to be impartial in this case?
- Who lives with you in your household?
  - Are they employed and if so, what do they do for employment?
- Have you or close family members or friends ever worked in law enforcement?

- Would you be inclined to believe a law enforcement officer over somebody who is not a law enforcement officer?
- What memorable experiences, either good or bad, have you or close family members or friends had with law enforcement? And/or with court process?
- Do you believe that a person who has been treated unfairly has a right to bring a lawsuit against a police officer?
- There will be testimony in this case about animals (reptiles). Would knowing that a person that cares for, houses, and/or rehabilitates animals, in and of itself, make you unable to be fair and impartial in deciding the facts of this case?
- Have you or a close family member or friend ever been accused, arrested or convicted of a crime? If so, what are the circumstances?
- In this case, Plaintiffs allege in part, that Milwaukee Police Officers violated their constitutional rights. Have you or a close family member or friend ever experienced what they believed was a violation of constitutional rights by law enforcement?
- Have you or a close family member ever been an attorney or worked in a law firm? If so, who are the attorneys and what was the nature of their law practice? Does anybody harbor any bad thoughts or impressions about attorneys in general?
- Have you or a close family member ever brought a lawsuit against somebody else or been sued by somebody else? If so, please give the details.
- Is there anyone that has heard anything about the facts of this case or any of the parties? What have you heard?
- Some of the issues that you may be asked to determine in this case involve the question of damages; both money damages to compensate Plaintiffs if appropriate, and what are called punitive damages, to punish the Defendants conduct, if appropriate. Is there anyone on this panel, that for whatever reason, would be unable to award significant monies as either compensatory or punitive damages, where such damages are justified by the evidence?
- You as jurors will be instructed to not speak with any other persons while this case is pending, and to not do any independent research on your own as to the parties, the law, or this case; is this something that everyone can do – that is, to follow the court's instructions in this regard, and to decide this case only upon the evidence presented in court?

**2. Topics for voire dire - questioning specific to this case:**

*Plaintiff respectfully requests to supplement their voir dire questions, as the issues are narrowed for trial. Plaintiffs suggest that the following topics are proper for attorney-directed *voir dire:* animal ownership and care; gun ownership; affiliations with animal-rights organizations or animals shelters; environmentalism and

environmentalists; endangered species; snake haters (or lovers); dog lovers; reptile ownership; search warrants; "Tiger King" and animal collectors; breeding animals; experience with, or knowledge of veterinarians;

### 2. Proposed Jury Instructions

## PART I

## GENERAL INTRODUCTION

**MEMBERS OF THE JURY:**

Now that you have heard all the evidence in this case, it becomes my duty to instruct you on the law which applies to this case. These instructions will be in three parts.

First:   The instructions on general rules which define and control the jury's duties in a
civil case;

Second:  The instructions which state the rules of law which you must apply, that is what
each party must prove in its case; and

Third:  Some rules and guidelines for your deliberations and return of your verdict.

At the conclusion of my instructions, the attorneys for the parties will deliver their closing arguments followed by the concluding instructions of the Court.

Copies of these instructions will be available in the jury room for each of you to consult should you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you in these instructions whether you agree with the law or not. All of the instructions are equally important and should be considered together as connected series and regarded as the law applicable to the case. As jurors, you have no right to disregard or give special attention to any one of the instructions, or to question the wisdom of any rule of law.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. In this case, the Plaintiffs are Dragonwood Conservancy, The Pleguar Corporation, and Terry Cullen, individually. The Defendants are Lt. Paul Felician and Det. Phillip Simmert, who, at all times material to the events giving rise to this litigation, were employed as police officers by the City of Milwaukee. An individual citizen challenging the conduct of a municipal employee is entitled to the same fair consideration that you would give any other person seeking redress through the courts.

As jurors, you should consider and view the evidence in light of your own observations and experiences in the affairs of life.

In determining the facts, you should do so from a fair consideration of the evidence. That means you must not be influenced by prejudice, fear, favor, personal likes or dislikes, opinions or sympathy.

In reaching your verdict, you may consider only the testimony and exhibits received in evidence. Certain things are not evidence and you may not consider them in determining what the facts are. Those matters and things which are not evidence include the following:

FIRST:    Arguments and statements by the lawyers for the parties are not evidence. The lawyers are not witnesses. What they have said in their opening statements served to acquaint you with the facts they expect the evidence to show. What the attorneys say in their closing

arguments is intended to help you interpret the evidence. You should consider carefully the closing arguments of the attorneys; however, if the facts as you remember them differ from the way the lawyers have characterized them, keep in mind that it is your recollection which should control during your deliberations and not the statements of the attorneys.

SECOND:     Questions and objections by lawyers are not evidence. The lawyers for the parties have a duty to object to what they feel are improper questions asked of the witnesses. You should not draw any conclusions for either side from the fact than an objection was made to any question and that the witness may not have been permitted to answer it.

THIRD:     Testimony which has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received for a limited purpose, you must follow the limiting instruction given as to such matters.

FOURTH:     Anything you may have heard or seen about this case outside the courtroom must be entirely disregarded by you. You are to decide this case solely on the basis of the evidence received during the trial.

If, during the course of this trial, you have gained any impression that I have a feeling one way or another about this case, then you should completely disregard any such impression because you, as jurors, are the sole judges of the evidence and the credibility of the witnesses in this case. My feelings are wholly immaterial. Neither by these instructions, nor by any ruling or remark which I have made, do I mean to indicate any opinion as to the facts or as to what your verdict should be. I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You should not draw any inference for or against any side to whom I have issued such a caution or warning. You are the sole and exclusive judges of the facts.

In determining the facts, you are reminded that before each member of the jury was accepted and sworn to act as a juror, you were asked questions regarding your competency, qualifications, fairness and freedom from prejudice or sympathy. On the faith of those answers, each of you was accepted by the parties to serve as a juror. Therefore, those answers are as binding on each of you now as they were then, and should remain so until the jury is discharged from consideration of this case.

Those jurors who may have sat in a criminal case have heard of proof beyond a reasonable doubt. As I stated in my preliminary instructions, that standard does not apply in a civil case such as this one and, therefore, you should put it out of your mind.

In this civil action, the burden is on the Plaintiff to prove every essential element of the claim(s) by a preponderance of the evidence. If the proof should fail to establish any essential element of plaintiffs' claim(s) by a preponderance of the evidence, the jury should find for the defendant or defendants as to the particular claim under consideration.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. To put it differently, if you were to put plaintiff's and defendants' evidence on opposite sides of the scales, the party with the burden of proof on a given issue would have to make the scales tip somewhat on its side. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom, if ever, possible in any case.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question, regardless of who introduced it.

The evidence from which you are to determine the facts in order to reach your verdict in this case consists of:

FIRST:　　　The sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness;

SECOND:　　The exhibits which have been received into evidence, regardless of who may have produced them; and

THIRD:　　Any facts to which the attorneys for the parties have agreed or stipulated.

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard the fact as proved.

During the course of the trial, I occasionally may have asked questions of a witness, in order to bring out facts not then fully covered in the testimony. Please do not assume that I hold any opinion on the matters to which my questions may have related. Remember that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings of facts.

There are two kinds of evidence – direct and circumstantial. Direct evidence is direct proof of a fact such as the testimony of a person who claims to have personal knowledge, such as an eyewitness. Circumstantial evidence, on the other hand, is proof of a chain of facts and circumstances from which you could find that another act exists even though it has not been proved directly. The law makes no distinction between the weight to be given either direct or circumstantial evidence. Therefore, all of the evidence in the case, including circumstantial evidence, should be considered by you in arriving at your verdict. It is for you to decide whether a fact has been proved by circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense and experience.

You are to consider only the evidence in the case. But in your consideration of the evidence you are to limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proven, such reasonable inferences as seem justified int eh light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Any notes you may have taken during the trial are only aids to your recollection of the evidence and testimony. Your notes do not constitute evidence in the case. If you have not taken notes, you should rely upon your independent recollection of the evidence and not be influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the evidence any testimony.

Certain demonstrative exhibits, such as pictures and objects, may have been shown to you during the course of the trial. Those exhibits were used by the parties for your convenience to help explain the facts disclosed by the evidence in the case. They are not themselves evidence or proof of any facts.

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of each witness or by the manner in which each witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given. However, you should not be influenced by any person's race, color, religion, national ancestry, or sex.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor or manner

while on the stand. Consider each witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also: any relation each witness may bear to either side of the case; the manner in which each witness might be affected by your verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

In weighing the testimony of a law enforcement officer, you should apply the same standards as you apply to the testimony of any other witness. The fact that a witness is a law enforcement officer does not make his or her testimony any more or less credible than the testimony of any other witness.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; innocent mis-recollection, life failure of recollection, is a common experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony; or by evidence that the witness has been convicted of a crime. If you find the witness's prior statement is inconsistent with the witness's testimony at trial, you may consider the prior statement only in deciding the truthfulness and accuracy of such witness's trial testimony. You may not consider the prior statement as evidence of the matters contained in the prior statement. However, if the prior statement was made under oath, you may also consider it as evidence of the truth of the matters contained in the prior statement. Evidence that a witness has been convicted of a felony crime or a misdemeanor crime involving

dishonesty or false statement is to be considered by you only insofar as it may affect the witness's credibility. You may not consider this evidence for any other purpose.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think is deserves.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

In short, you may accept or reject the testimony of any witness in whole or in part.

The testimony of a witness who volunteers prejudicial information that is both non-responsive to questions asked and contrary to the witness's prior statement should be scrutinized with care and caution. Although pretrial discovery protocols are designed to ascertain all the relevant facts about which a witness may have knowledge, unfortunately, despite the best of intentions, there are occasions where all parties may have overlooked that which is obvious and facts are first presented at trial.

You are further instructed that it is entirely proper for a lawyer to interview any witness in preparation for trial. At the same time, it is also entirely proper for parties to meet and confer with their attorneys regarding such matters as pretrial discovery, including depositions and other matters related to preparation for trial, and the parties may attend depositions, court hearings, and any other proceedings related to their case.

During the trial, certain testimony was presented to you by the reading of deposition and the showing of a video clip of a witness's deposition. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds belief in the likelihood of truth, as against the

testimony of a lesser number of witnesses or other evidence which does produce such believe in your minds.

The test is not which side brings the greater number of witnesses, or presents the great quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

The law does not require any party to call as witness all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, [including any party to the case,] you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying;
- the witness's age;
- and the reasonableness of the witness's testimony in light of all the evidence in the case.

**EXPERT WITNESSES**

You have heard [a witness] [witnesses] give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**PART II**

**THE LAW AS RELATED TO PLAINTIFF'S CLAIMS**

In this case, the plaintiffs' claim damages alleged to have been sustained by the result of deprivations, under color of state law, of rights secured by the Constitution of the United States and federal statute protecting the civil rights of all persons within the United States.

The Federal Civil Rights act under which Plaintiffs bring this suit was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment to the Constitution provides that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

This clause, which makes other parts of the Constitution applicable to the states, guarantees individuals the right not to be subjected to unreasonable searches and seizures.

These rights originate in the <u>Fourth</u> Amendment to the United States Constitution, which provides, in part, that:

> "[t]he right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated…"

42 US Code, Section 1983, is the Federal Civil Rights statute under which Plaintiffs have sued, provides that a person may seek relief in a federal court such as this one by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

In this case, Plaintiffs claim that Defendants acted unlawfully by performing an unreasonable search and seizure of their property, by failing to intervene to stop the unreasonable searches and seizures and failed to supervise others during the unreasonable search and seizures. Defendants deny that the searches and seizures were unreasonable.

To succeed on any of their claims, Plaintiffs must prove each of the following elements by a preponderance of the evidence.

FIRST:     That Defendants Lt. Felician and/or Det. Simmert acted under authority granted by the State of Wisconsin.

SECOND:

With respect to Defendant Lt. Felician, that he performed acts – or failed to act – in a manner which operated to deprive Plaintiffs of one or

more of his federal constitutional rights, as defined and explained in these instructions, by performing an unreasonable search and/or seizure of Plaintiffs property;

With respect to Defendant Det. Simmert, that he performed acts – or failed to act – in a manner which operated to deprive Plaintiffs of one or more of his federal constitutional rights, as defined and explained in these instructions, by an unreasonable search and/or seizure of Plaintiffs' property; and

THIRD:     As a result of the actions or inactions of Defendant Lt. Felician and or Defendant Det. Simmert, the Plaintiffs suffered damages.

With respect to the first element, because Defendant Lt. Felician and Defendant Det. Simmert were acting in their official capacity as police officers of the City of Milwaukee at the time of the acts in question, they were acting under the color of authority of the State of Wisconsin. Accordingly, the first element is satisfied and you do not need to consider it.

With respect to the second element, you will have to decide whether any or all Plaintiffs have proven that they were, in fact, deprived of their federal rights by either Defendant Lt. Felician or Defendant Det. Simmert (or both).  In other words, you must determine: (1) whether any or all Plaintiffs were, in fact, subjected to an unreasonable search, and/or an unreasonable seizure, by one or both  Defendants; and / or  (2) whether one or both Defendants "failed to intervene" to prevent the unreasonable search and seizure; and / or (3) whether one or both Defendants "failed to supervise" to prevent the unreasonable search and seizure (as I will instruct you).  In order to facilitate your decision on these issues, in the next section, I will instruct you on the specific law relating to those matters.

Finally, if you find that Defendants did violate Plaintiffs' federal rights, then you must consider the third element: what, if any, damages Plaintiffs have shown that they are entitled to. In the next section, I will provide you with some guidance on how to compute damages. However, if you determine that Plaintiffs have not carried its burden to establish one or more of the alleged violations of their rights, then you do not need to even consider the question of damages on such claim(s).

To reach a completed verdict in this case, you will have to answer a series of questions found in the Special Verdict Form prepared for your convenience. There are ___ questions on the Special Verdict Form that have been divided into several sub-parts which correspond with each of Plaintiffs' claims along with its claim for punitive damages.

You are cautioned that, although the Special Verdict Form contains ___ questions, ultimately it may not become necessary for you to answer *every* question. Rather, many of the questions are preceded by notes which provide guidance about whether or not you are required to answer the particular question that follows the note. Therefore, should read the prefatory notes very carefully to ensure that you only answer those questions that you are required to answer and leave unanswered any question that you were not required to answer.

With the benefit of a general overview of Plaintiffs claims and the Special Verdict Form, I will now give you more detailed instructions relating to the law applicable to each of the questions you must answer to resolve Plaintiffs' claims. You, the jury, must apply these instructions to the evidence presented at trial.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## UNREASONABLE SEARCH CLAIM AGAINST DEFENDANTS

In this case, Plaintiffs claim that Defendant Lt. Felician and/or Defendant Det. Simmert conducted an *unreasonable* search of Plaintiffs' property. Defendants deny conducting an unreasonable search of Plaintiffs property.

The Fourth Amendment incorporates the right to be secure against unreasonable searches. In evaluating the constitutionality of a given search, one must consider the scope of the particular intrusion, the planning that took place prior to the execution of search warrant, the manner in which it was conducted, the justification for initiating it, and the place where it is conducted. The search must be conducted and executed in a reasonable manner. Searches that result in the excessive or unnecessary destruction of property committed during the course of the searches constitutes an unreasonable search and violates the Fourth Amendment.

If you find that Plaintiffs have proven by the preponderance of evidence, that (either or both) Defendants violated any Plaintiff's constitutional right to be free of unreasonable searches, then you should find for Plaintiffs, and go on to consider the question of damages.

If on the other hand, you find that Plaintiffs have failed to prove their claim of an unreasonable search, by a preponderance of the evidence, then you should find for Defendants.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## UNREASONABLE SEIZURE CLAIM AGAINST DEFENDANTS

In this case, Plaintiffs claim that Defendant Lt. Felician and/or Defendant Det. Simmert conducted an *unreasonable* seizure of Plaintiffs' property. Defendants deny conducting an unreasonable seizure of Plaintiffs property.

The Fourth Amendment incorporates the right to be secure against unreasonable seizures. A person "seizes" property when the person takes possession of or controls the property, in a manner that meaningfully interferes with the Plaintiffs' rights to possess their property. This deprivation of property may occur at the time of the initial seizure and or be followed by the refusal or failure to return the seized property. The seizure must be reasonable. The seizure of property outside the scope of a search warrant is unreasonable.

In evaluating the constitutionality of a given seizure, one must consider the scope of the particular seizure, the manner in which it was conducted, the justification for initiating it, and the place where it is conducted. The seizure must be conducted and executed in a reasonable manner if it is unreasonable and violates the Fourth Amendment.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## FAILURE TO INTERVENE AGAINST DEFENDANTS

To succeed on this claim, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

FIRST:     That (either or both) Defendants -and/or unnamed persons under the authority of either defendant - conducted an unreasonable search *or* seizure of Plaintiffs' property;

SECOND:     That (either or both) Defendants knew that the search *or* seizure was unreasonable;

THIRD:     That (either or both) Defendants had a realistic opportunity to stop the unreasonable search *or* seizure;

FOURTH:     That (either or both) Defendants did not stop the search *or* seizure despite the opportunity to do so; and

FIFTH:     That the failure to act caused harm to Plaintiffs.

If you find that Plaintiffs have proved each of these things by a preponderance of the evidence then you should find for Plaintiffs, and go on to consider the question of damages. If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendants.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

# LIABILITY OF SUPERVISOR

To succeed on Plaintiffs claim against Lt. Felician, Plaintiff must prove each of the following by a preponderance of the evidence:

Det. Simmert -and/or other unnamed person(s)- executed an unreasonable search and/or seizure of Plaintiffs and their property;

Lt. Felician knew that Det. Simmert -or the other unnamed person(s) - was about to execute an unreasonable search and/or seizure of Plaintiffs and their Property;

Lt. Felician approved, assisted, condoned, or purposely ignored the unreasonable search and/or seizure of Plaintiffs and their Property;

As a result, Plaintiffs were injured.

If you find that Plaintiffs have proven each of these things by a preponderance of the evidence, then you must decide for Plaintiffs, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiffs have failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

## SPECIAL JURY INSTRUCTION: "PROVING POLICE MISCONDUCT"

'Police misconduct' may be proved through circumstantial evidence, particularly where officers are sued for damages arising from the unreasonable execution of a search warrant.

Circumstantial evidence is allowed because it is unfair to require plaintiffs to specifically identify which officers caused their damages, because the Plaintiffs are excluded from the search area.

The use of circumstantial evidence is designed to prevent the scenario where police officers are allowed to "hide behind shield of anonymity and force plaintiffs to produce evidence that they cannot possibly acquire", as it is "not in the interests of justice to shield guilty parties from liabilities where their identifies are not known due to the protocols they employed.

Finally, when a Plaintiff is deprived of the opportunity to learn exactly which officer took what actions (during the course of a search warrant executed under the "exclusive control" of the officers) the Plaintiffs may prove their 'damage' claims through '*res ipsa loquitor'* which is a Latin phrase meaning "the matter speaks for itself" and allows for "permissible inferences from unexplained events."

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

# DAMAGES

There are two separate forms of damages that you must consider in this case: compensatory damage and punitive damages.

**If you find in favor of Plaintiffs on any of their claims, then** you must determine the amount of money that will fairly compensate Plaintiffs for any injury that he sustained as a direct result of the unreasonable search. These are called "compensatory damages."

Plaintiffs must prove their damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; rather, you may also award compensatory damages to Plaintiff to compensate them, even if those aspects are not easy to measure. You should consider the following types of compensatory damages, and no others:

a. The mental and emotional pain and suffering, loss of a normal life or reputation that Plaintiffs have experienced and is reasonably certain to experience in the future. No evidence of the dollar value of mental and emotional pain and suffering, or loss of a normal life and reputation has been or needs to be introduced. There is a no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiffs for the injuries they have sustained.

b. The reasonable value of property damaged or destroyed.

c. The value of the animals and their progeny that Plaintiff has lost and is reasonably certain to lose in the future.

With regard to the mental aspects of Plaintiffs' injury, Plaintiffs seek to recover compensatory damages for mental and emotional pain and suffering that he experienced as a result of the events in question. No evidence of the dollar value of mental and emotional pain and suffering has been or needs to introduced. There is no exact standard for setting the damages to be

awarded on account of pain and suffering.  You are to determine an amount that will fairly compensate Plaintiffs for the injury they have sustained.

If you have found for Plaintiffs on any of their claims, but do not believe Plaintiffs proved compensatory damages, then you should award the nominal amount of $1.00.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

# PUNITIVE DAMAGES

If you find for Plaintiffs on any of their claims, you may, but are not required to, assess punitive damages against any defendant who you find violated Plaintiffs' rights. The purpose of punitive damages is to punish a defendant for his conduct and to serve as an example or warning to other individuals who may engage in similar conduct. You must consider whether to assess punitive damages against each defendant, separately.

Plaintiffs must prove by a preponderance of the evidence that punitive damages should be assessed, against Defendant Lt. Felician and/or Defendant Det. Simmert. You may assess punitive damages only if you find that any given defendant's conduct was malicious or in reckless disregard of Plaintiffs' rights. You should classify conduct as malicious if you find the conduct was accompanied by ill will or spite or was done for the purpose of injuring Plaintiffs. Conduct should be treated as being in reckless disregard for Plaintiffs' rights if, under the circumstances, it reflects a complete indifference to Plaintiffs' safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors.

FIRST: The reprehensibility of the conduct of Defendants.

SECOND: The impact of the conduct of Defendants on Plaintiffs.

THIRD:        The relationship between Plaintiffs and Defendants.

FOURTH:       The likelihood that Defendants would repeat the conduct if an award of

              punitive damages is not made.

FIFITH:       The relationship of any award of punitive damages to the amount of actual

              harm Plaintiff suffered.

_____ Given

_____ Rejected

_____ Withdrawn

_____ Objected to

# PART III

## DELIBERATIONS

**MEMBERS OF THE JURY:**

This case will be submitted to you in the form of a Special Verdict Form consisting of ____ questions. A form for the Special Verdict has been prepared for your convenience.

[SPECIAL VERDICT FORM READ]

You will note that certain questions in the Special Verdict Form are to be answered only if you have answered a previous question in a particular manner. Therefore, it is extremely important that you read each question very carefully before you answer it. Do not needlessly answer questions.

The amounts to be inserted by you in your answer to the damage questions are for you to determine from the evidence. What counsel ask for in their arguments is no criterion or measure of damages sustained. The opinion or conclusion as to what damages should be awarded should not influence you unless it is sustained by the evidence. Examine the evidence carefully and dispassionately and determine your answers from the evidence in this case.

Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact, but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork.

Nothing should be added to or subtracted from your answer to the damage questions because of sympathy or resentment, nor should you make any deductions because of a doubt in your mind as to the liability of any party.

The fact that I have instructed you on the matter of damages should not be considered as intimidating any view of the court as to which party is entitled to your verdict in this case. Instructions on damages have been given solely for your guidance.

Your duty is to answer the questions on the Special Verdict form which, according to the evidence any my instructions, you are required to answer in order to arrive at a completed verdict. It then becomes my duty to direct judgment according to law and according to the facts as you have found them.

You are to answer the questions on the Special Verdict form solely upon the evidence received in this trial. You are to be guided by my instructions and your own sound judgment in considering the evidence in this case and in answering each questions.

You must not concern yourselves about whether your answers will be favorable to one party or to the other, nor with what the final result of the lawsuit may be.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict as to each question you are required to answer in order to arrive at a completed verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest

beliefs about the weight or effect of evidence solely because of the opinions of your fellow juror or for the purpose of returning a unanimous verdict.

Each of you should give fair and equal consideration to all of the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the parties have proved their respective cases by a preponderance of the evidence.

## CLOSING ARGUMENTS

## CONCLUDING INSTRUCTIONS

Members of the jury, this case is ready to be formally submitted to you for your serious deliberation. You will consider the case fairly, honestly, impartially, and in light of reason and common sense. Give each question in the verdict your careful and conscientious consideration. In answering each question, free your minds of all feelings of sympathy, bias or prejudice.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think that it could be better tried or that another jury is better qualified to decide it. It is important, therefore, that you reach a verdict if you can do so conscientiously.

Nothing said in these instructions and nothing in the verdict form, prepared for your convenience, is meant to suggest or convey in any way or manner any intimidation as to what verdict the Court thinks you should find. What the verdict shall be is your sole and exclusive duty and responsibility. Let your verdict speak the truth, whatever the truth may be.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury.

No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiff that (s)he too, as ell as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the question before you, until after you have reached a unanimous verdict.

Upon retiring to your jury room, your first duty will be to select one of your number as foreperson who will preside over your deliberations, complete the verdict form with the answers you have agreed upon, and serve as your spokesperson here in court.  His or her vote, however, is entitled to no greater weight than the vote of any other juror.

During the course of your deliberations, you should assume the attitude of judges of the facts rather than that of partisans or advocates.  Your highest contribution to the administration of justice is to ascertain the true facts in this case and return a verdict accordingly.  When your deliberations are concluded, and your answers are inserted in the verdict form, the foreperson will sign and date the verdict and all of you will return with your verdict here in open court.

**3. <u>Proposed Special Verdict Forms</u>**

<u>CLAIM NO. 1:   UNREASONABLE SEARCH</u>

**Question No. 1:** (SEE PART ___, SECTION ___ OF JURY INSTURCTION)

Did Lt. Felician *and/or* Det. Simmert conduct a search of any Plaintiffs in an unreasonable manner?

| | | |
|---|---|---|
| **A)  As to 13th Street Property** | **Answer:** | _____ **(yes/no)** |
| **B)  As to 16th Street Property** | **Answer:** | _____ **(yes/no)** |
| **C)  As to 17th Street Property** | **Answer:** | _____ **(yes/no)** |
| **D)  As to S. KK Street Property** | **Answer:** | _____ **(yes/no)** |
| **E)  As to Terry Cullen personally** | **Answer:** | _____ **(yes/no)** |

**Question No. 2:** (SEE PART ___, SECTION ___ OF JURY INSTURCTION)

NOTE: *Answer this question if, and only if, you answered "YES" to Question NO. 1.*

What amount of money, if any, do you award to fairly and reasonably compensate the Plaintiffs for being unreasonably searched by Lt. Felician and/or Det. Simmert?

| | | |
|---|---|---|
| **A)  As to 13th Street Property** | **Amount:** | _____ |
| **B)  As to 16th Street Property** | **Amount:** | _____ |
| **C)  As to 17th Street Property** | **Amount:** | _____ |
| **D)  As to S. KK Street Property** | **Amount:** | _____ |
| **E)  As to Terry Cullen personally** | **Amount:** | _____ |

## CLAIM NO. 2: FAILURE TO INTERVENE

## AS TO UNREASONABLE SEARCH

**Question No. 3**:  (SEE PART ___, SECTION ___ OF JURY INSTURCTION)

*NOTE: Answer this question if, and only if, you answered "YES" to Question No. 1.*

Did Lt. Felician *and/or* Det. Simmert fail to intervene to prevent an unreasonable search of any property of Plaintiff?

| | | |
|---|---|---|
| **A) As to 13th Street Property** | **Answer:** | _____ **(yes/no)** |
| **B) As to 16th Street Property** | **Answer:** | _____ **(yes/no)** |
| **C) As to 17th Street Property** | **Answer:** | _____ **(yes/no)** |
| **D) As to S. KK Street Property** | **Answer:** | _____ **(yes/no)** |
| **E) As to Terry Cullen personally** | **Answer:** | _____ **(yes/no)** |

**Question No. 4**: (SEE PART ___, SECTION ___ OF JURY INSTURCTION)

*NOTE Answer this question, if and only if, you answered "YES" to ANY (A-E) Question No. 3.*

What amount of money, if any, do you award to fairly and reasonably compensate Plaintiffs, for Lt. Felician's and/or Det. Simmert's failure to intervene to prevent an unreasonable search of any property of Plaintiff?

| | | |
|---|---|---|
| **A) As to 13th Street Property** | **Amount:** | _____ |
| **B) As to 16th Street Property** | **Amount:** | _____ |
| **C) As to 17th Street Property** | **Amount:** | _____ |
| **D) As to S. KK Street Property** | **Amount:** | _____ |
| **E) As to Terry Cullen personally** | **Amount:** | _____ |

## **CLAIM NO. 3: FAILURE TO INTERVENE AGAINST LT. FELICIAN**

## **(AS THE SUPERVISOR) TO PREVENT UNREASONABLE SEARCH**

**Question No. 5**: (SEE PART ___, SECTION ___ OF JURY INSTURCTION)

*NOTE: Answer this question if, and only if, you answered "YES" to Question No. 1.*

Did Lt. Felician approve, assist, condone, or purposely ignore an unreasonable search of

Plaintiffs?

Answer: _____(yes/no)

**Question No. 6**: (SEE PART ___, SECTION ___ OF JURY INSTURCTION)

*NOTE: Answer this question if, and only if, you answered "YES" to Question No. 5.*

What amount of money, if any, do you award to fairly and reasonably compensate

Plaintiffs for Lt. Felician's failure to supervise and prevent an unreasonable search?

**A) As to 13th Street Property** **Amount:** _____

**B) As to 16th Street Property** **Amount:** _____

**C) As to 17th Street Property** **Amount:** _____

**D) As to S. KK Street Property** **Amount:** _____

**E) As to Terry Cullen personally** **Amount:** _____

## CLAIM NO. 4: UNREASONABLE SEIZURE

**Question No. 7:** (SEE PART ___, SECTION ___ OF JURY INSTURCTION)

Did Lt. Felician and/or Det. Simmert conduct an unreasonable seizure of Plaintiffs' property?

**A) As to 13th Street Property**     **Answer:**     _____ **(yes/no)**

**B) As to 16th Street Property**     **Answer:**     _____ **(yes/no)**

**C) As to 17th Street Property**     **Answer:**     _____ **(yes/no)**

**D) As to S. KK Street Property**     **Answer:**     _____ **(yes/no)**

**E) As to Terry Cullen personally**     **Answer:**     _____ **(yes/no)**


**Question No. 8:** (SEE PART ___, SECTION ___ OF JURY INSTURCTION)

*NOTE: Answer this question if, and only if, you answered "YES" to Question 7.*

What amount of money, if any, do you award to fairly and reasonably compensate

Plaintiffs for property unreasonably seized by Lt. Felician and/or Det. Simmert?

**A) As to 13th Street Property**     **Amount:**     _____

**B) As to 16th Street Property**     **Amount:**     _____

**C) As to 17th Street Property**     **Amount:**     _____

**D) As to S. KK Street Property**     **Amount:**     _____

**E) As to Terry Cullen personally**     **Amount:**     _____

## CLAIM NO. 5:   FAILURE TO INTERVENE

## AS TO UNREASONABLE SEIZURE

**Question No. 9:** (SEE PART ___, SECTION ___ OF JURY INSTURCTION)

*NOTE: Answer this question if, and only if, you answered "YES" to Question No. 7.*

Did Officers Lt. Felician and/or Det. Simmert fail to intervene during an unreasonable seizure of Plaintiffs' property?

**A)  As to 13th Street Property**     **Answer:**        _____**(yes/no)**

**B)  As to 16th Street Property**     **Answer:**        _____**(yes/no)**

**C)  As to 17th Street Property**     **Answer:**        _____**(yes/no)**

**D)  As to S. KK Street Property**     **Answer:**        _____**(yes/no)**

**E)  As to Terry Cullen personally**   **Answer:**        _____ **(yes/no)**

**Question No. 10**: (SEE PART ___, SECTION ___ OF JURY INSTURCTION)

*NOTE Answer this question, if and only if, you answered "YES" to ANY (A-E) Question No. 9.*

What amount of money, if any, do you award to fairly and reasonably compensate Plaintiffs for Lt. Felician's and/or Det. Simmert's failure to intervene to prevent an unreasonable seizure?

**A)  As to 13th Street Property**     **Amount:**        _____

**B)  As to 16th Street Property**     **Amount:**        _____

**C)  As to 17th Street Property**     **Amount:**        _____

**D)  As to S. KK Street Property**     **Amount:**        _____

**E)  As to Terry Cullen personally**   **Amount:**        _____

## CLAIM NO. 6:   Lt. FELICIAN - FAILURE TO SUPERVISE

## UNREASONABLE SEARCH

**Question No. 11**: (SEE PART ___, SECTION ___ OF JURY INSTURCTION)

*NOTE: Answer this question if, and only if, you answered "YES" to Question No. __.*

Did Lt. Felician approve, assist, condone, or purposely ignore the unreasonable search?

**A) As to 13th Street Property**      **Answer:**      _____ **(yes/no)**

**B) As to 16th Street Property**      **Answer:**      _____ **(yes/no)**

**C) As to 17th Street Property**      **Answer:**      _____ **(yes/no)**

**D) As to S. KK Street Property**      **Answer:**      _____ **(yes/no)**

**E) As to Terry Cullen personally**   **Answer:**      _____ **(yes/no)**

**Question No. 11**: (SEE PART ___, SECTION ___ OF JURY INSTURCTION)

*NOTE: Answer this question if, and only if, you answered "YES" to ANY (A-E) Question No. 11.*

What amount of money, if any, do you award to fairly and reasonably compensate

Plaintiffs for Lt. Felician's failure to supervise and prevent the unreasonable search?

**A) As to 13th Street Property**      **Amount:**      _____

**B) As to 16th Street Property**      **Amount:**      _____

**C) As to 17th Street Property**      **Amount:**      _____

**D) As to S. KK Street Property**      **Amount:**      _____

**E) As to Terry Cullen personally**   **Amount:**      _____

## CLAIM NO. 7:   Lt. FELICIAN - FAILURE TO SUPERVISE

## UNREASONABLE SEIZURE

**Question No. 12**: (SEE PART ___, SECTION ___ OF JURY INSTURCTION)

*NOTE: Answer this question if, and only if, you answered "YES" to Question No. __.*

Did Lt. Felician approve, assist, condone, or purposely ignore an unreasonable seizure?

**F) As to 13th Street Property**  **Answer:**  _____ **(yes/no)**

**G) As to 16th Street Property**  **Answer:**  _____ **(yes/no)**

**H) As to 17th Street Property**  **Answer:**  _____ **(yes/no)**

**I)  As to S. KK Street Property**  **Answer:**  _____ **(yes/no)**

**J)  As to Terry Cullen personally**  **Answer:**  _____ **(yes/no)**

**Question No. 13**: (SEE PART ___, SECTION ___ OF JURY INSTURCTION)

*NOTE: Answer this question if, and only if, you answered "YES" to ANY (A-E) Question No. 12.*

What amount of money, if any, do you award to fairly and reasonably compensate

Plaintiffs for Lt. Felician's failure to supervise and prevent the unreasonable seizure?

**F) As to 13th Street Property**  **Amount:**  _____

**G) As to 16th Street Property**  **Amount:**  _____

**H) As to 17th Street Property**  **Amount:**  _____

**I)  As to S. KK Street Property**  **Amount:**  _____

**J)  As to Terry Cullen personally**  **Amount:**  _____

## PUNITIVE DAMAGES AGAINST Lt. FELICIAN

**Question No. 11**: (SEE PART ___, SECTION ___ OF JURY INSTURCTION)

*NOTE: You should answer this question if, and only if, you answered "YES" to Question No. 1.*

Was the conduct of Lt. Felician and/or malicious or in reckless disregard of Plaintiffs

rights?


Answer: _____

(yes / no)



**Question No. 12**: (SEE PART ___, SECTION ___ OF JURY INSTURCTION)

*NOTE: You should answer this question, if, and only if, you answered "YES" to Question No. 11.*

What amount of money, if any, do you award against Lt. Felician as punitive damages?


Answer: _____

(Amount)

**PUNITIVE DAMAGES AGAINST Det. SIMMERT**

**Question No. 13**: (SEE PART ___, SECTION ___ OF JURY INSTURCTION)

*NOTE: You should answer this question if, and only if, you answered "YES" to Question No. 3, Question No. 4, and Question No. 5.*

Was the conduct of Det. Simmert malicious or in reckless disregard of Plaintiffs' rights?

Answer: _____ (yes / no)

**Question No. 14**: (SEE PART ___, SECTION ___ OF JURY INSTURCTION)

*NOTE: You should answer this question if, and only if, you answered "YES" to Question No. 13.*

What amount of money, if any, do you award against Det. Simmert as punitive damages?

Answer: $_____ (Amount)

Dated: October 26, 2020
*/s/ electronically signed by*

*Attorney Mark Murphy*

Attorney Mark Murphy, WisBar#1017745
Counsel for Plaintiffs
657 S 72nd Street
Milwaukee, WI 53214
414.322.5452 mobile
*attorneymarkmurphy@sbcglobal.net*