UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THE DRAGONWOOD CONSERVANCY, INC.,
PLEGUAR CORPORATION,
TERRY CULLEN
        Plaintiffs,

vs.                               Case No: 16:cv:0534

PAUL FELICIAN
PHIL SIMMERT II
        Defendants

---

PLAINTIFFS' MOTIONS *IN LIMINE*

---

NOW COME PLAINTIFFS by their undersigned counsel, and respectfully submit their MOTIONS *IN LIMINE*.

## Motion In Limine

NOW COME PLAINTIFFS by undersigned counsel, and move this Court -*in limine*- for the following trial orders pursuant to the Federal Rules of Evidence including §401-402 (relevance) and §403 (unduly prejudicial, confusing, waste of time, and other reasons); along with other below-cited Federal Rules of Evidence:

1. Prohibiting any witness from testifying, whose identity and subject matter of testimony has not been disclosed per this Court's Orders, per FRCP 26, and per Plaintiffs' Discovery Demands in this regard.

2. Prohibiting the introduction or reference to the underlying proceedings in the Milwaukee County Circuit Court 2010CF2659, and/or to any other reference to any alleged 'sexual assault' (charged against Mr. Cullen in said Circuit Court proceedings); including any evidence or reference to:

1

*Jennifer Rushing (alleged victim)
*allegations of sexual assault
*reference to "sensitive crimes"[1]
*any criminal charges, process, and/or dispositions relating to sexual assault
*pleas entered and disposition rendered, relating to charges of sexual assault
*terms of deferred prosecution agreements; and
*disposition thereof (including two ordinance violations);

<u>Including redaction</u> of any reference to sexual assault in the search warrant documents - including supporting affidavit – prior to reference at trial and/or use as Exhibits herein.

<u>And specifically prohibiting</u> defendants from claiming they relied upon the Circuit Court Orders when effecting a permanent deprivation upon Plaintiffs.

EXCEPT FOR EVIDENCE REGARDING CIRCUIT COURT PROCEEDINGS

    A.    relating to Mr. Cullen's Petition For Return of Firearms;

    B.    reflecting that Mr. Cullen was not convicted of any crimes.

    3.    Prohibiting the introduction or reference to, any and all evidence *preceding* the date and time of Defendant Simmert's presentation of the application for search warrant to the Court Commissioner – as this Court has found that the search warrant was supported by probable cause (i.e., the evidentiary portion of this case should begin with Det. Simmert presenting his application for search warrant, particularly in light of the various issues raised in the preceding request)

    4.    Prohibiting highly prejudicial, editorial comments and opinions by law enforcement, reflected in the discovery record including

*"house of horrors"
*"near" or actual "vomiting"
*"hoarder"
*shoveling a path of "dog feces" in the courtyard of 13th Street.

---

[1] Amongst others: the Defendants cannot describe themselves as having been part of 'sensitive crimes'.

5. Prohibiting testimony or evidence about the amount of ammunition seized during the execution of the Search Warrant.

6. Prohibiting testimony or evidence about law enforcement seizing 'gynecology books' from Plaintiffs.

7. Prohibiting all testimony and evidence relating to alleged "prior bad acts" of Plaintiffs' Witness, Erik Katz, relating to a previous citation for animal-related offense. FRE 404.

8. Prohibiting all testimony and evidence regarding the issue of required "permits" as they may relate to Plaintiffs' animal collection.

9. Prohibiting all testimony and evidence relating to the "legality" of Plaintiffs' ownership herein, including whether it was previously litigated during the underlying Circuit Court proceedings;

10. Prohibiting all testimony and evidence relating to Defendants' claim that Plaintiffs should have -but did not- avail themselves of Ch 173 or other state process, for the return of property

11. Prohibiting all testimony and evidence relating to the Plaintiffs' Tax returns produced to Defendants, subject to and reserving objections.

12. Prohibiting the introduction or reference to, hearsay reports and improper expert opinions, as to the *health, husbandry, and/or condition* of Plaintiffs' animals upon seizure herein, from any person or source lacking personal knowledge, and/or who has not been properly named as an expert herein.

3

Case 2:16-cv-00534-NJ   Filed 10/26/20   Page 3 of 5   Document 140

13. Excluding and prohibiting Sean Perry's testimony and '"Veterinary and Animal Welfare Assessment" report (in the event it survives Plaintiffs' "R702 Motion To Exclude Sean Perry As Expert Witness"): this Court previously ruled that the Defendants had probable cause to seize specific animals identified on the warrant (i.e., Chinese Alligators) and others, including those they perceived as evidencing mistreatment. Therefore Perry's testimony -that the animals evidence mistreatment at the time of seizure- would be cumulative and would have little -if any- probative value, in light of substantial prejudice [and would otherwise result in a mini trial on the welfare protocols of at least fifty animals seized for that reason]. Also, please see "Plaintiffs' Brief In Support Of R702 Motion To Exclude Sean Perry As Expert Witness" at p16, submitted herewith.

14. Excluding and prohibiting any police video (DVD) not produced by Defendants.

15. Prohibiting the use of or reference to, the "Notice of Injury" dated September 8, 2010, by Attorney David Halbrooks.

16. Permitting the jury to answer all damages questions herein, irrespective of their answers as to liability questions

17. Excluding witnesses so they cannot hear other witness' testimony. FRE 615.

18. Prohibiting the Defendants or anyone on their behalf, from accessing law enforcement databases to conduct background checks on any potential juror prior to the jury being empanelled; including the use of CLEAR (Citizen Law Enforcement and Reporting) and LEADS (Law Enforcement Agencies Data System) if applicable.

AND PLAINTIFFS ALSO REQUEST ORDERS

19. Taking JUDICIAL NOTICE of any material findings of the Circuit Court,

20. Taking JUDICIAL NOTICE of the findings of Judge Jones based upon undisputed evidence.

21. Authorizing the use of videotape deposition of Attorney Stephen Glynn (which would exceed more than five pages) for good cause.

22. Allowing Plaintiffs to be collectively referred-to and reference herein.

23. Ordering and requiring Counsel to advise their witnesses of any restrictive or limiting rulings of the Court on these Motions *in limine*, to avoid 'accidental' disclosure to the jury (and issues of mistrial).


Respectfully submitted:
Dated: October 26, 2020
*/s/ electronically signed by:*

*Attorney Mark P. Murphy*

Attorney for Plaintiffs
SBN 1017745
657 S. 72nd Street
Milwaukee, WI 53214
414-453-5555

5
Case 2:16-cv-00534-NJ   Filed 10/26/20   Page 5 of 5   Document 140