UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE DRAGONWOOD CONSERVANCY, INC.,
PLEGUAR CORPORATION,
TERRY CULLEN,

    Plaintiffs,

v.                               Case No. 16-CV-00534

PAUL FELICIAN,
PHIL SIMMERT II,
JANE AND JOHN DOE(S)
CITY OF MILWAUKEE, and
ABC INSURANCE COMPANY,
    Defendants.

### DEFENDANTS' RESPONSE BRIEF OBJECTING TO PLAINTIFFS' 702 MOTION TO EXCLUDE SEAN PERRY AS AN EXPERT WITNESS

Defendants, by and through their attorney, Tearman Spencer, City Attorney, by Assistant City Attorneys Heather Hecimovich Hough and Jenny Yuan, submit this brief in response to Plaintiffs' "R702 Motion to Exclude Sean Perry as Expert Witness" and supporting brief filed with this Court on October 26, 2020. (Dkt. 141, 142.)

### BACKGROUND

Plaintiffs' Complaint (Dkt 1) and Amended Complaint (Dkt 13) allege as relevant to this motion "seizures and permanent deprivations without due process nor reasonable compensation" (Amended Comp., Dkt 13, Page 3 of 48, para. 101 B) of a reptile inventory. Plaintiffs seek damages related to the loss of the reptiles alleging a value of over $21,000,000 for loss of progeny/offspring, loss of income, and the inventory from 2010-2019. (Dkt 75-3, Page 63 of 67.) Plaintiffs identified an expert witness, Mitchel Kalmanson ("Kalmanson"), who provided a

valuation report on Plaintiff Dragonwood's animal portfolio, inclusive of "progeny" values. (Dkt. 75.) After his deposition, defendants filed a Rule 702 Motion to exclude Kalmanson as an expert witness. In opposition of the damages asserted by Kalmanson, defendants retained Dr. Sean Perry ("Perry") as an expert witness. Defendants timely disclosed Perry as an expert witness and provided his reports to plaintiffs on June 30, 2020 (Hough Declaration, Exhibit A). Plaintiffs deposed Perry on July 24, 2020. (Dkt. 142-9.)

Plaintiffs filed a R702 Motion to Exclude Sean Perry as Expert Witness and supporting brief with this Court on October 26, 2020. (Dkt. 141, 142.) Plaintiffs move this court to exclude Perry as an expert witness and assert that 1) Perry has not certified any opinion to a reasonable degree of certainty and therefore should not be allowed to testify; 2) Perry's educational background and the fact he has never served an expert witness disqualify him, and, in this case, the Court should only consider the expert's experience under *Kumho Tire* and not *Daubert*; and 3) Perry's opinions are unreliable and would confuse the jury. (Pls.' Br. in Supp. of 702 Mot., pp. 12-14, Dkt. 142.)

Plaintiffs' arguments are without merit. Perry is eminently qualified under the Federal Rules of Evidence, Rule 702, and under the standards enunciated in *Daubert* and *Kumho Tire*. There is no reason Perry should be excluded from testifying at trial.

## ARGUMENT

**I.     Perry's failure to recite the magic words that his opinions are "certified to a reasonable degree of certainty" does not preclude him from serving as an expert witness.**

As their first argument to persuade this court to exclude Perry as an expert, plaintiffs offer that because Perry has not "certified in any report, nor at deposition, that his opinions rise to a reasonable degree of certainty (within his field of expertise)", that this alone should be grounds to exclude Perry. (Dkt. 142 p. 12.)

Plaintiffs fails to cite to any authority, rule, or case law to support their assertion that experts must recite that their opinions are "certified to a reasonable degree of certainty" before a Court may allow them to serve as experts. In contrast to plaintiffs' argument to this Court offered with no legal support, defendants offer this Court persuasive case law from other circuits and an unpublished opinion from this circuit which hold that the failure to incant "to a reasonable degree of certainty" does not mean automatic exclusion. The Sixth Circuit has provided "scientific experts need not attach the modifier 'to a reasonable degree of medical certainty' to their opinions to gain admissibility." *Johnson v. Memphis Light Gas & Water Div.*, 695 F. App'x 131, 136 (6th Cir. 2017). In an unpublished opinion, the Seventh Circuit affirmed a decision on appeal where a defendant appealed a conviction asserting the district court erred in admitting evidence an expert's testimony because the expert failed to use the language "reasonable degree of certainty." *United States v. Golden*, 42 F.3d 1392 (7th Cir. 1994) (unpublished opinion) (provided to this Court in Hough Declaration, Exhibit B). The Seventh Circuit provided, "[t]he phrase "reasonable degree of certainty" is commonly used and is 'useful shorthand'; but '[c]are must be taken ... to see that the incantation does not become a semantic trap and the failure to voice it is not used as a basis for exclusion without analysis of the testimony itself.'" *Id*. (*quoting Wright and Miller, Federal Practice and Procedure* § 6641 (1994 supplement)); *see also Levit, N., Ethereal Torts*, 61 Geo.Wash.L.Rev. 136, 167 (1992) ("the "talismanic formula" of the phrase reasonable degree of medical certainty is a "ritual incantation ... [that] often suffices and supplants the need for more careful analysis"). The Seventh Circuit found that the expert's testimony "was the substantive equivalent of the magic words 'reasonable degree of certainty.'" *Id*.

Federal Rules of Evidence, Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the facts of the case.

As detailed below, Perry is qualified as an expert based on his extensive knowledge, skill, experience, training, **and** education. (See Dkt. 142-6, Dkt. 142-9.) Defendants provide a detailed analysis in Section II, below, regarding how Perry's opinions will help the jury understand pertinent issues in this case, how his testimony is based on sufficient facts and data and is based on reliable principles and methods, and that he has reliably applied those principles and methods to the facts in this case.

Perry's credentials, experience, skill, and knowledge that his reports and opinions are based upon offer the reasonable degree of certainty necessary for him to be deemed an expert and he therefore, should be allowed to testify as such.

### II. Perry's education, training and experience qualify him as an expert and *Kumho* does not offer litigants a separate stand-alone standard from *Daubert*.

Next, plaintiffs argue that Perry's education, training and experience fail to qualify him as an expert. Plaintiffs assert that Perry's CV lacks reference to reptiles and experience valuing animals. Plaintiffs assert because Perry is not directly involved in the day to day management of reptiles, and does not personally breed reptiles he fails to have the requisite experience necessary to value them as an expert. Plaintiffs assert that because Perry has never served as an expert witness this court should not allow him to serve as such. Plaintiffs assert that because his opinions on animal welfare are "academia-generated standards and opinions" (Pls.' Br. in Supp.

4

of 702 Mot., pp. 13-14, Dkt. 142.) this Court should exclude him as an expert. Plaintiffs also hone in on Perry's lack of first-hand ownership experience of reptiles to make their case he should be excluded and go as far as to assert in their brief that expert witnesses in this case should and "do not present as scientific witnesses under the auspices of *Daubert*; and instead present as 'experience' experts measured by *Kumho Tire*." (Pls.' Br. in Supp. of 702 Mot., p. 2, Dkt. 142.)

First, in reply, defendants assert that plaintiffs' brief mischaracterizes the distinction between *Kumho* and *Daubert*. *Kumho* and *Daubert* are not two **separate** standards for litigants to choose from when asking the court to serve as an expert witness gatekeeper. *Kumho* merely adds "other specialized knowledge" to *Daubert*'s scientific knowledge standard. All of the *Daubert* factors remain relevant to the determination of the reliability of expert testimony. See Fed. R. Evid. Rule 702. *Kumho* provides that other factors **may also** be relevant. *See Kumho Tire Co., Ltd. v. Carmichael*, 119 S.Ct. 1167, 1176, 143 L. Ed. 2d 238 (1999).

Further, Perry's educational background, experience and training qualify him to be an expert based upon both his scientific and specialized knowledge in the industry. Perry is a licensed veterinarian in four states (Dkt. 142-6 p. 3). He holds a doctorate of Veterinary Medicine and has taken advanced training courses specific to reptile veterinarian medicine (Dkt. 142-6, p. 3). Based upon his education, experience and licensure, Perry is an expert in the care and husbandry of animals. Specific to his ability to offer expert testimony and reports on reptiles and their value (inclusive of "progeny" (breeding) value), he authored a doctoral thesis on reptile reproduction (Dkt. 142-6 p. 5). He has authored a multitude of book chapters on snakes and reptiles (Dkt. 142-6 p. 5-6). He has served as a speaker and lecturer on a number of relevant topics including "exotic animal cruelty and hoarding", "reptile conservation and reptile

5

reproduction review", and "reptile husbandry and handling techniques" (Dkt. 142-6, p. 9-10). Perry's Ph.D. was focused on reptile reproduction. Perry testified he will be sitting for boards in the next year to become a veterinarian with a reptile specialty because he has all of the credentials to do so. Those credential consist of six years of practice experience, a case log, a certain number of publications related to reptiles and reptile health, and recommendations. (Dkt. 142-9 36-37, 141 lines 6-25; 142 lines 1-9.) Perry, through education, training and experience asserts he is a veterinarian and a herpetologist (specialist with regard to reptiles). (Dkt. 142-9, p. 5, 17 lines 23-15.) Perry testified at deposition that he evaluates the reptile market and has done so for ten-plus years. (Dkt. 142-9, p. 51, 199 lines 8-16.) He has personal experience breeding reptile species in captivity and in consultation with zoological institutions. (Dkt. 142-9, p. 12, 44 lines 23-25, 45 lines 1-10.)

Perry's knowledge is proven by the amount of school he has attended related to reptiles, reptilian care and breeding. His skill is proven by the fact he has extensive published work and has taught classes on these topics. He has personal and professional experience breeding reptiles and consulting others on breeding and therefore, defendants assert that his "scientific, technical" and "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact at issue" (here, damages associated with the loss of a reptile portfolio and the alleged loss of breeding income). Fed. R. Evid. 702 (a).

Perry authored four reports as defendants' expert witness in this case; 1) an International and Domestic Market Assessment; 2) Collection Evaluation Assessment; 3) Response to plaintiffs' expert witness valuation report; and 4) a Veterinary Animal Welfare Assessment. Each of these reports are based upon Perry's academic expertise and experience as a veterinarian in the care and well-being of animals, an understanding, experience and education in the reptile

6

market, and most importantly, his education, skill and experience in breeding reptiles, all of which qualify his opinions and reports as expert testimony to a reasonable degree of certainty within his fields of expertise. Because Perry has a background in academia, he is well-versed in appropriate research and credible sources on the topics he opines, and he utilizes those sources within his reports. Frequently in plaintiffs' brief in support of their motion to exclude this witness, they themselves underscore his educational expertise. Plaintiffs acknowledge that Perry is "well-educated and scholarly". (Dkt. 142, p. 16.) Plaintiffs acknowledge that Perry's opinions are "academia-generated standards". (Dkt. 142, p. 14.)

Plaintiffs argue that Perry is "incompetent to render expert opinions as to the health and welfare" of Plaintiff Dragonwood's animal portfolio because he relies on a formula he created that adopts ideal states for livestock (as opposed to reptiles). (Dkt. 142 p. 15). Plaintiffs assert that there is no "legal authority" for Perry to apply these ideal states to reptiles. (Dkt. 142 p. 15.) Defendants counter that Perry, as a licensed and practicing veterinarian with an extensive background in the breeding, care and study of reptiles, possesses the requisite knowledge, skill and expertise that lend him the ability to determine an appropriate formula by which to measure animal well-being, including reptiles. In most fields other than the legal field, no "legal authority" exists to make particular valuations. Instead, valuations are made based upon the knowledge of industry, industry standards, and other relevant industry factors.

### III. Perry's opinions are reliable and will not confuse the jury.

Plaintiffs argue that Perry's opinions on animal welfare at the time of the seizure "bring nothing new to the table" and such testimony would be "cumulative, confusing, misleading and unduly prejudicial." (Dkt. 142, p. 15). In support of this assertion, plaintiffs' state that his opinions highlight a discrepancy in the number of animals seized for mistreatment. (Dkt. 142, p.

15.) Plaintiffs are incorrect. Perry's testimony is certainly important to defendants' ability to defend against the damages claimed in this case, and his testimony is "new". Perry is the only defense expert in this case and the only person qualified to testify as to valuation[1] and opine as to the apparent condition of the seized animals. Perry's opinion is certainly not "cumulative" because there is no one else on either plaintiffs' witness list or defendants' witness list that will testify as to Perry's opinions reached in this case.

In terms of whether Perry's testimony would confuse the jury, defendants are hard pressed to understand this argument. Plaintiffs' counsel has made it clear through discovery and plaintiffs' witness list that plaintiffs will be attempting to argue that the animals were in good condition while under Terry Cullen's care. Defendants expect plaintiffs' counsel to challenge defendants Felician's and Simmert's respective experience or knowledge as it comes to the exotic animals and reptiles seized in this case. Both Felician and Simmert admit to not having any specialized knowledge or experience with the type of animals seized in this case, which is why they relied on the opinion of the animal experts on scene. However, as argued above in Section II, and as fully supported by Perry's CV and deposition testimony, Perry has extensive knowledge, experience, training, and education when it comes to the care of animals generally, and reptiles in particular. The fact that plaintiffs do not want Perry to testify that many of the animals were in poor condition does not mean that testimony would confuse the jury. In addition, Perry will testify to the condition of the animals as it relates to a valuation of the portfolio. Plaintiffs' expert has asserted the value of the portfolio without including factors related to the health and well-being of the animals that Perry, as an expert, is prepared to testify affects the ability to breed and their value for the purpose of breeding. Finally, Plaintiffs'

---

[1] Defendants have filed a motion to exclude plaintiffs' valuation expert, Kalmanson. Defendants maintain that Kalmanson is not qualified under Federal Rules of Evidence, Rule 702, and should be barred from testifying at trial.

argument that Perry should be disqualified as an expert because he states 110 animals were in a poor welfare state, whereas approximately 50 animals were seized for mistreatment and that would confuse the jury is without merit. But Perry is not offered as an expert on the number of animals that were seized and mistreated. He is offered as an expert on reptile husbandry, welfare, breeding and valuation. Therefore, plaintiffs' argument that Perry should be disqualified as an expert because he provides a different animal count than other witnesses and that would confuse the jury is without merit and plaintiffs' motion to exclude should be denied.

## CONCLUSION

For the foregoing reasons, this Court should deny plaintiffs' R702 Motion to Exclude Sean Perry as Expert Witness.

Dated and signed at Milwaukee, Wisconsin, this 2nd day of November, 2020.

TEARMAN SPENCER
City Attorney

*/s/ Heather Hecimovich Hough*

_____
HEATHER HECIMOVICH HOUGH
State Bar No. 1092637
Assistant City Attorney
JENNY YUAN
State Bar No. 1060098
Assistant City Attorney
Attorneys for Defendants
City of Milwaukee, Paul Felician and
Phil Simmert, II

P.O. ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Telephone: (414) 286-2601
Facsimile: (414) 286-8550
Email: hhough@milwaukee.gov
1032-2016-1146/272113