UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THE DRAGONWOOD CONSERVANCY, INC.,
PLEGUAR CORPORATION,
TERRY CULLEN
                Plaintiffs,

vs.                                                         Case No: 16:cv:0534

PAUL FELICIAN
PHIL SIMMERT II
                Defendants

---

PLAINTIFFS' BRIEF IN RESPONSE

TO DEFENDANTS' MOTIONS *IN LIMINE* # 3 & #4

RE: "CONSERVANCY OPERATIONS" AND "CHARACTER"

---

      NOW COME PLAINTIFFS by their undersigned counsel, and respectfully submit this BRIEF IN RESPONSE TO THE DEFENDANT' MOTIONS *IN LIMINE* #3 & #4, seeking to preclude evidence pertaining to the "conservancy operations" and "character" [EDoc#129, and Brief at EDoc#132].

I.      Introduction.

      Plaintiffs originally filed a detailed Witness List in September of 2019 [EDoc#74]; and has served "r26" disclosures and supplements, as to certain witnesses. Defendants now object by motion *in limine* to six specific witnesses of Plaintiffs, arguing that they (1) proffer improper 'character evidence', and (2) otherwise fail the standard tests under FRE 401-403; and 602 and 611 [1]. [Hereinafter, "Defendants' Motion"].

---

[1] Defendants discuss FRE 611 and this Court's duty to prevent undue harassment and humiliation of any witness [Brief, p5], for reasons unknown to this writer (as Defendants fail to connect FRE611 to any witness herein).

For the reasons described below, the Defendants Motion should be denied and Plaintiffs should be allowed to prove what the Dragonwood Conservancy is; what it does; and how well it does it. These issues bear directly upon the issue of damages.

II.     ARGUMENT.

**A.     Defendants' Motion *In Limine* Must Be Denied Because The Six Witnesses Are Relevant To Plaintiffs' Claimed Damages.**

Defendants offer two basic reasons for their Motion to exclude these six Plaintiffs' Witnesses:

  (1) they do not offer "first-hand knowledge of defendants "personal involvement in the execution of the warrants"; and

(2) that "plaintiffs' conservancy operations" are not an issue to be decided by the jury [EDoc 132, pp9-12].

Both arguments are wrong and reflect Defendants' misinterpretation of "relevant evidence" herein.

Specifically*,* Defendants fail to acknowledge the "damage element" and the special verdict on damages.   Plaintiffs are entitled to present evidence relevant to their damage claims: the proverbial "*who-what-when-where-and-sometimes-why*".

The first (and perhaps most important issue) is always the "who" – "who is the Plaintiff?" Although critical in every case, it is even moreso herein - because the Dragonwood Conservancy is a "501c3" *legal entity* and not a person.  It cannot give testimony about itself, and have its credibility measured. [2]   In today's world it is *absolutely critical* that Plaintiffs be allowed to

---

[2]  Moreover, because Dragonwood Conservancy cannot appear and testify, the Plaintiffs intend to "show the jury" what Dragonwood "looks like" by photographs and two short videos, one a few seconds long and the other roughly fifteen minutes.

disprove popular misconceptions, and to distance themselves from the "Tiger Kings" of this world.  This is not improper 'bolstering' of credibility [Brief, p12]; nor "akin" to allowing Defendants to prove their "past good performance" as officer [Brief p8].  On the contrary, third party proof of Plaintiffs' expertise and *breeding prowess*, are critical and fundamental factors underlying Plaintiffs' damages claims.

Therefore in order to consider Plaintiffs' damages, the jury is entitled to -and needs to- understand *who* the Plaintiffs' are, *what* they do, and *how well* they do it.  Plaintiffs are entitled to prove through third parties, that the 'conservancy' is a legitimate operation, run by a leading national (and perhaps worldwide) expert, and was nearing the *pinnacle* and completion of a *30 year project* in the making.

Accordingly, by the six witnesses, Plaintiffs intend to prove the legitimacy, expertise, and success of the Conservancy, which is relevant to damages including the lost value of progency/breeding (because the run-of-the-mill reptile keeper cannot be expected to successfully breed the types of endangered and exotic species herein).  Plaintiffs have disclosed the subject matters of the six witnesses, which includes:

> **Lewdyn Densmore**, PhD [Brief, p5]:   Texas Tech  Proffessor who was involved in various "blood" and "dna" projects with Plaintiffs and specifically, the "Chinese Allligator" project (involving himself, Plaintiffs and Chinese officials), which was set to 'close' ironically, on the day of the raids; amongst other.
>
> **Curt Harbsmeier** [Brief p6]; Florida attorney, wildlife specialty; who owns a Chinese Alligator and has opinions as to its value.[3]

---

[3]   The federal rules have been interpreted to permit a property owner to testify about the value of his property, as a matter within his personal knowledge.  *Cunningham v Masterwear Corp.*, 569 F.3d 673, 676 (7th Cir., 2009*); United States v Conn*, 297 F.2d 548, 554 fn2 (7th Cir., 2002).

**Bill Ziegler** [Brief p8]; was called-in to this case by the authorities, to assist in the seizure and help identify Plaintiffs' animals; he was also called back by MADACC about a month later, to give advice regarding the *significant decline of the animals* at MADACC over the month since he had last seen them. He was a 1st person witness to the seizure and handling of the animals; amongst other. [4]

**James Schauer** [p9]; is an affiliate of Plaintiffs, and is also affiliated with the Wisconsin Humane Society ("WHS"); he will explain why Plaintiffs were in possession of two Blandings Turtles (considered endangered and protected under Wis. Stats. §29.604, and therefore possession is prohibited, as a general statement); he will explain to the jury why these restricted items were in Plaintiffs' possession, i.e., on behalf of the WHS he brought the two blandings turtles to Plaintiffs' rescue and rehabilitation operation. Mr. Schauer also has a history with Plaintiffs and knowledge of the Plaintiffs' operations; and a history of bringing WHS animals to Plaintiffs for rescue and rehab; amongst other.

**Collette Adams** [p10]; as a leading national expert in reptiles, she also has a professional history with Plaintiffs and knows their operations; currently, she is the curator at the Brownsville Zoo, which had Philippine Crocodiles on breeding loan to Plaintiffs; and those Philippine Crocodiles were returned to her after the raids; amongst others.

**Craig Pradorelli** [p11]; has a history with Plaintiffs and knows their operations; and witnessed the back-end of the search and seizures (personally observing the aftermath and widespread destruction)

## B.  DEFENDANTS OTHERWISE MISINTERPRET WHAT CONSTITUTES IMPERMISSIBLE *CHARACTER EVIDENCE* UNDER FRE404.

Defendants object to Plaintiffs' six witnesses on the grounds that they would be offering improper "character" evidence [Brief, p. 5-6,8].

First of all, their testimony is not "character evidence" - i.e., proof or attestations about moral standing, general nature, habits, or traits in the community.

---

[4] It should come as no surprise that -when you call in the area's *go-to-reptile-guy*- Ziegler also had a professional relationship and history with Cullen, where Ziegler will testify to the Plaintiffs' operations, expertise, and successes, amongst others.

Second, the testimony is not prohibited by the operative FRE -404(a)(1) – which Defendants fail to discuss. FRE 404 only prohibits a certain category of 'character evidence'; *to wit:*

> "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait".

The six Plaintiff-witnesses are not proving (1) that, on a particular occasion, (2) any person acted in accordance with character or trait. Defendants' argument really makes no sense.

### III. CONCLUSION.

For the foregoing reasons, the Plaintiffs respectfully request that this Court deny Defendants' Motion *in limine* #3 & #4.

Dated at Wauwatosa, Wisconsin this 2nd day of November, 2020

           MARK P. MURPHY LAW OFFICE
           Attorneys for Plaintiffs,
           */s/ electronically signed by*

           *Attorney Mark P. Murphy*
           Wis State Bar No. 1017745

**P.O. Address:**
657 South 72nd Street
Milwaukee, Wisconsin 53214
(414) 453-5555