UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

THE DRAGONWOOD CONSERVANCY, INC.,
PLEGUAR CORPORATION,
TERRY CULLEN
            Plaintiffs,

vs.                                        Case No: 16:cv:0534

PAUL FELICIAN
PHIL SIMMERT II
            Defendants

_____

DECLARATION OF ATTORNEY MARK MURPHY
In Opposition To Defendants' Latest Motion For Summary Judgment

*STATE OF WISCONSIN)*
                   *)ss*
*MILWAUKEE COUNTY)*

      MARK P. MURPHY, being first duly sworn, attests and declares as follows:

      1.     I am Plaintiffs' attorney in this case, and make this Declaration in Opposition To Defendants' latest Motion For Summary Judgment.

      2.     Between August 11 and October 2, 2020, Defendants by counsel conducted twelve depositions of Plaintiffs' witnesses.

      3.     Within the same general time frame Defendants also served Plaintiffs with: a 6th, 7th, and 8th Set of Interrogatories; a 4th Production of Documents Requests; and a 2nd Set of Admissions.

1

4. Defendants' "Brief in Support" of their latest Summary Judgment Motion, does not rely upon any of the foregoing 'new discovery' [except for that relating to "17th St", where Plaintiffs do not oppose Defendants' Motion For Summary Judgment [1]].

5. Attached hereto as Exh. 1, is a true and correct excerpt of Officer Wick's deposition at p34.

6. Attached hereto as Exh. 2, is a true and correct copy of Officer Wick police reports, which Defendants left out of their filings, which reflects:

> On 5/18/10… [Wick] called the curator of reptiles at Milwaukee Public Museum, Robert Henderson….**Robert Henderson** said that he had been at 2323 S. 13th Street for about three hours on Thursday 5/13/10. He said he was also involved in checking for identification tags and refining the identifications on Monday 5/17/10 at MADAC. [Wick Report @ "CUL MPD 30"]

> Robert Henderson believed that the identifications had been completed as of about 5pm on 5/17/10….Robert Henderson also stated that, while he was "not trying to put a positive spin on this" , that the ambient temperature the snakes were being kept in was warm enough and that at least "95%" of the snakes appeared to be in "excellent" or "very, very good" health. [Wick Report @ "CUL MPD 31"]

> On Thursday May 20, 2010, [Wick] called **Gregory Meyer**..stated that he had been at 2323 S. 13th St. on Friday May 14th, 2010…his "overall view" is that the condition of the animals themselves was "generally good" [Wick Report @ "CUL MPD 38"]

> [Mayer] stated that, from his observations and what he heard from others involved in the process, that the snakes appeared to be in generally good shape and none of them appeared to be sick….Gregory Mayer said that he had looked at all of the turtles and the turtles appeared to be in "generally good shape". [Wick Report @ "CUL MPD @ 40"

> On Thursday 5/20/10 [Wick spoke with] **Jay Christie** [who] stated that he had been at 2323 S. 13th Street….Jay Christie stated that he did not see many animals at 2323 S. 13th Street that would have required much specialized care; and that the "generally good

---

[1] Plaintiffs do not oppose the Defendants' Motion For Summary Judgment of Plaintiffs' claims for damage to real property at "17th Street" based upon the fact that Jane Flynt is the owner of record. Accordingly, beyond any "new discovery" related to this 17th Street issue, the Defendants' Brief in Support does not rely upon any of the "new" discovery relating to Plaintiffs' witnesses.

2

condition" of the animals themselves at the time of their recovery could not be denied. [Wick Report @ "CUL MPD 42-43"].

7. Attached hereto as Exh. 3, is a true and correct excerpt of Lt. Felician's deposition at p80.

8. Attached hereto as Exhibits 4 and 5, are true and correct notices provided to Plaintiffs by MADACC indicating Det. Simmert was the MPD contact for the "hold" on animals seized.

9. Attached hereto as Exhibit 6 are true and correct copies of sample MPD Property Control records, reflecting that Det. Simmert was required to authorize the release of (Plaintiffs') property (as late at June of 2013).

10 Attached hereto as Exh 7 is a police photograph of the 13th Street "Courtyard", taken at the front-end of the execution of the warrant. This photograph reflects that the Courtyard is clean and well maintained, and *directly refutes* the allegations of Lt. Felician EDoc#29 at par 8 & 10 [and DPFOF 113 & 114] - who now alleges that the 'Courtyard" was cluttered "full of feces" which they had to shovel through.

11. Attached hereto as Exh 8 is a photograph of the same courtyard, with Jane Flint and her hands on her hips, take post-execution, which reflects the actions taken during the execution of the warrant.

12. Attached hereto as Exhibit 9 is a true and correct copy of a DNR record showing that a fire extinguisher was discharged on an anaconda; which caused 'burns' to it per the discovery record.

13. Plaintiff Pleguar Corp., was formerly known as the Chanabla Gizmo Compnay, Inc. (the name change occurred in 2000); see: Exhibit 10 hereto, which is a true and correct Certified Copy of the name change per the Wisconsin Department of Financial Institutions.

14. I have spent dozens of billable hours responding to the Defendants' latest Motion For Summary Judgment, which seeks to revisit the Court's prior rulings on *qualified immunity* (which has diverted my continuing preparations for an efficient trial presentation). Specifically, I was required to review the *many* docket entries for both parties' previous (two) summary judgment submittals (including briefs, reply briefs, sur-replies, and proposed findings of fact); to compare the substance of each prior document, to that now submitted in Defendants' latest Motion For Summary Judgment.

*/s/ electronically signed by*

**Attorney Mark P. Murphy**
Attorney Mark P. Murphy

Subscribed to and sworn before me
This 20th Day of November, 2020
*/s/ electronically signed by*
*Nichole Williams*
Notary Public, State of Wisconsin
My commission expires 1/30/22