THE DRAGONWOOD
CONSERVANCY, INC., *et al.*,

                      Plaintiffs,        Case No. 16-CV-534

    v.

                                              **HEARING MINUTES AND
MINUTE ORDER**

PAUL FELICIAN, *et al.*,

                      Defendants.

---

**Hon. Nancy Joseph, presiding.**      **Deputy Clerk:** Becky Ray

**Type of Proceeding:** ORAL DECISION/STATUS CONFERENCE

**Date:** December 4, 2020 at 9:00 AM      **Court Reporter:** Zoom Audio

**Time Commenced:** 9:10 AM      **Time Concluded:** 10:48 AM

**Appearances:**    **Plaintiffs:**    Mark Murphy, Thomas Kyle

                    **Defendants:**  Jenny Yuan, Heather Hough

**Comments:**

COURT reads the undisputed facts into the record. Reviews with the parties the existing rulings from Magistrate Judge Jones dated January 24, 2019. (Docket # 62). Specifically, Judge Jones previously granted SJ in favor of the defendants as to the plaintiffs' Due Process and *Monell* claims. Judge Jones also granted SJ in the defendants' favor as to whether the warrant stated probable cause. The remaining issues going forward are the plaintiffs' 4th Amendment claims regarding the warrants' lack of particularity and the unreasonable execution of the warrants.

**Plaintiffs' Motion for Partial Summary Judgment (Docket # 116)**
- Plaintiffs assert that they suffered two distinct deprivations under the 4th Amendment: (1) initial seizure; (2) the refusal to return the seized property. Plaintiffs argue partial SJ should be granted as to the defendants' liability for the permanent deprivation of their animals. (Docket # 117 at 6).
- Defendants argue that: "Judge Jones' decision denying defendants' prediscovery motion for summary judgment based upon whether defendants exceeded the search warrant when all animals were seized and when firearms were seized is not the same thing as granting plaintiffs' summary judgment on that issue." (Docket # 125 at 2). Defendants argue the Court should deny Plaintiffs' partial SJ motion and grant SJ in favor of the defendants as to all remaining issues.
- Neither party cites to controlling Seventh Circuit law at the crux of Plaintiffs' motion. The 7th Circuit rejected the legal theory that continued retention of lawfully seized property violates the 4th Amendment in *Lee v. City of Chicago*, 330 F.3d 456, 466 (7th Cir. 2003). While the Plaintiffs assert that *Lee* is distinguishable from this case because they do not concede that the property was lawfully seized, in *Gonzalez v. Vill. of W. Milwaukee*, 671 F.3d 649, 660 (7th Cir. 2012), the 7th Circuit held that "*Lee*'s holding that a seizure occurs upon the initial act of dispossession does not depend on the

legality of the seizure. Stated differently, continued retention of unlawfully seized property is not a separate Fourth Amendment wrong."
- Whether the continued retention of the animals was unlawful is a due process question, not a 4th Amendment question, and Judge Jones previously dismissed the Due Process claim.
- Court **DENIES** Plaintiffs' motion for partial summary judgment. (Docket # 116).

**Defendants' Motion for Summary Judgment (Docket # 108)**
- The defendants moved to dismiss defendants Simmert, the John and Jane Doe defendants, and the ABC Insurance Company. Court **GRANTS** motion as to the dismissal of Jane and John Does and ABC Insurance Company. Jane and John Does are **DISMISSED**. ABC Insurance Company is **DISMISSED**. City of Milwaukee is **DISMISSED** as a defendant based on the prior *Monell* ruling in January 2019 by Judge Jones. However, both parties agree the City of Milwaukee remains involved in this case only to the extent it must indemnify Simmert and Felician if they are found liable to the plaintiffs. Defendant Simmert remains a defendant.

- The Court addresses the defendants' remaining 4th Amendment arguments.

The Warrant Lacks Particularity

*Overbreadth: Spiders and other reptiles (including but not limited to pythons, anacondas, and turtles)*
- Court first addresses the question of the warrants' overbreadth.
- The plaintiffs argue that the defendants unreasonably seized their entire animal inventory, regardless of whether the animals were endangered or threatened, and took other animals not listed in the search warrants and not inventoried.
- The warrants at issue specifically listed the following animals: reptiles including, but not exclusive of, Chinese Alligators or Chinese Crocodiles. Python or Anaconda Snakes. Spiders and Turtles. Other endangered or threatened species not included in this list.
- Judge Jones previously found that the Chinese alligators were indisputably endangered and were properly listed on the warrant. (Docket # 62 at 20). Judge Jones further found, however, that the "warrants also listed spiders and other reptiles (including but not limited to pythons, anacondas, and turtles) without any basis to believe those creatures were endangered or threatened under Wisconsin law or otherwise associated with illegal activities." (*Id.*)
- Thus, Judge Jones found that the warrants at issue were unconstitutionally overbroad, providing the officers with too much discretion over which animals to seize and resulting in dozens of animals being seized without a valid warrant.
- Given Judge Jones' previous ruling, the Court asks the defendants what new evidence exists to justify re-examining Judge Jones' previous ruling.
- Defendants argue that Judge Jones had only cursory information before him at the time of his ruling. While he had police reports and Felician's affidavit, Simmert and Felician were deposed after Judge Jones' ruling. Simmert fleshed out the facts he knew at the time he requested the warrant, including information from DNR Warden Blankenheim regarding the animals' condition.
- Plaintiffs argue this information was not "new."
- Court **TAKES UNDER ADVISEMENT** the issue of the warrants' overbreadth.

*Good Faith Exception*
As an alternative, Defendants argue that Simmert reasonably relied on the Commissioner's review and issuance of the warrant. Accordingly, they argue that Leon's Good Faith exception applies.

2

- Judge Jones previously ruled that the defendants were not entitled to qualified immunity for the animals' seizure because no reasonable officer could have believed that he could seize all of the animals. (Docket # 62 at 21).
- Judge Jones determined that: (1) the officers plainly seized animals outside the scope of the warrant; (2) Simmert prepared the first search warrant affidavit so he could not rely on the issuing judge's assurance that there was probable cause to believe that the animals (aside from the Chinese alligators) were unlawfully possessed; and (3) there was a question of fact as to the condition of the property. Judge Jones' finding regarding Simmert's reliance on a neutral judge's issuance of a warrant to excuse his alleged 4th Amendment violation is essentially a finding that the good faith exception as articulated in *United States v. Leon*, 468 U.S. 897 (1984) does not apply. Because Judges Jones at the time of his ruling knew that a Commissioner had reviewed the warrant, there is nothing new for this Court to consider. Accordingly, the Court will **NOT** disturb this ruling.

*Plain View Exception and Animal Inventory*
- Judge Jones previously ruled that the undisputed facts did not demonstrate that the plaintiffs' animals were lawfully seized pursuant to the plain view exception to the 4th Amendment. (Docket # 62 at 20). The defendants argued to Judge Jones that the officers observed the following while executing the warrant: smell of rotting animals, urine, and animal excrement; hundreds of animals, including some in containers that allowed little movement; dead animal carcasses; and freely roaming crocodiles. (*Id.*) The plaintiffs, however, disputed the condition of their property and animals, arguing that the property was "clean, habitable, and functional," and the animals were in good health. (*Id.* at 21).
- Judge Jones found that while the defendants' explanation may justify the seizure of certain animals, it did not justify the seizure of all the animals (i.e., the spiders, turtles, dogs). (*Id.*)
- Thus, Judge Jones determined that the plaintiffs presented sufficient evidence from which a reasonable jury could conclude that the defendants violated their 4th Amendment rights when seizing the entire animal inventory. (*Id.* at 22).
- The Court again asks what new evidence the defendants raise as to this issue.
- Defendants rely on Felician's deposition testimony (taken after Judge Jones' decision); the information from Simmert that the officers relied on guidance from MADACC, the DNR, and the Racine and Milwaukee County Zoos regarding the condition of the animals; the fact the property was placarded; and the fact Cullen told Simmert he would be out of town for 2-3 weeks. Thus, the defendants argue that the evidence now shows that the officers seized the animals to protect the community and the animals themselves.
- Plaintiffs continue to dispute the condition of the property and whether the evidence is truly "new." Plaintiffs argue the defendants are confusing the properties as 17th Street was not placarded and there were no "animal experts" present.
- Court **DENIES** Defendants' summary judgment motion as to inhabitability and plain view. The inhabitability of the residence is part of the total analysis as to why the animals were seized; trier of fact to decide whether the totality of circumstances warrant seizing all the animals.

*Seizure of Firearms*
- Court discusses seizure of firearms.
- Defendants rely on their brief.
- Plaintiffs respond.
- Court **DENIES** Defendants' summary judgment motion as to the seizure of the firearms. It remains undisputed that the firearms were not listed in the warrant. The question for the jury is whether given the totality of the circumstances it was reasonable for the police to seize them.

3

*Seizure of Personal Property*

- Court discusses personal property allegedly taken from the residences. Judge Jones found that the defendants could be liable on one of two theories: (1) Simmert and Felician personally took the property or (2) Simmert and Felician failed to intervene while others took the property. (Docket # 62 at 25–26).
- Defendants provide additional argument regarding personal property taken from residence.
- Court agrees that there is no evidence in the record that Simmert and Felician personally took any of the property. Thus, the Court **GRANTS** summary judgment to the extent Plaintiffs allege that Simmert and/or Felician took the property themselves.
- The Court **DENIES** summary judgment, however, as to whether Simmert and/or Felician failed to intervene while others allegedly took the property. Failure to intervene is for the trier of fact. Jury must decide whether there is enough circumstantial evidence to find they failed to intervene.

Unreasonable Execution of Warrants

- Court discusses claim of unreasonable execution of the warrants. Judge Jones previously found that a reasonable jury could find that the defendants' execution of the search warrants was unreasonable, based on the lengthy, detailed list of property damage sustained while the warrants were executed. (Docket # 62 at 27).
- The defendants argue that Simmert was not present at all the properties on all of the days and had no supervisory role in execution of the warrants. (Docket # 109 at 20).
- As with the alleged taking of personal property, the Court finds that there is no evidence that Simmert and/or Felician personally were involved in the unreasonable execution of the search warrants. Thus, the Court **GRANTS** summary judgment to the extent Plaintiffs allege that Simmert and/or Felician damaged the real property themselves.
- Court **DENIES** Defendants' motion for summary judgment, however, as to whether Simmert and/or Felician are liable under a failure to intervene theory. To succeed on his failure to intervene claim, Plaintiff must prove each of the following things by a preponderance of the evidence: (1) an officer violated Cullen's 4th Amendment rights; (2) Simmert and/or Felician knew that this officer was/was about to violate Cullen's 4th Amendment rights; (3) Simmert and/or Felician had a realistic opportunity to do something to prevent harm from occurring; (4) Simmert and/or Felician failed to take reasonable steps to prevent harm from occurring; (5) Simmert and/or Felician's failure to act caused Cullen to suffer harm; and (6) Simmert and/or Felician acted under color of law. Seventh Circuit Pattern Jury Instructions—Civil, Instruction No. 7.16: Fourth, Eighth, and Fourteenth Amendments: Claim for Failure of "Bystander" Officer to Intervene – Elements.
- A supervisory role is not a requirement that needs to be proven, just that they were personally involved. Plaintiffs have presented sufficient circumstantial evidence that Simmert and/or Felician failed to intervene in the alleged 4th Amendment violation.
- Defendants inquire as to the 17th Street property; standing argument as Plaintiffs do not have ownership. Plaintiff has conceded this issue. Thus, Plaintiffs cannot request damages as to the real property located at 17th Street.

COURT discusses upcoming trial date.

PLAINTIFFS are not interested in a bench trial.

COURT will remove the bench trial for 12/14. Jury trials are difficult to schedule at this time due to COVID-19. Court proposes setting a status conference to evaluate the conditions before resetting.

PLAINTIFFS prefer a jury trial date be set at this time. Proposes dates in February.

DEFENDANTS object to setting a jury trial date at this time; agrees with Court's proposal to set a status conference. Proposes a date be scheduled for rulings on the pending *Daubert* motions and motions *in limine*.

COURT is hopeful February will provide a clearer picture of when this court will be able to move forward with jury trials. Court sets a **Status Conference for February 16, 2021 at 9:00 AM via Zoom**.

DEFENDANTS think having a date on the calendar for a decision on the motions *in limine* would be beneficial since the rulings will impact the trial length and scheduling.

COURT will have a decision on *Daubert* motions and motions *in limine* by February 16, 2021; either a written ruling or an oral decision at the 2/16 hearing.

## MINUTE ORDER

**IT IS ORDERED** that Plaintiffs' Motion for Partial Summary Judgment (Docket # 116) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Docket # 108) is **GRANTED IN PART AND DENIED IN PART**.

- Defendants' motion to dismiss defendants John and Jane Does and ABC Insurance Company is **GRANTED**. Defendants' motion to dismiss Simmert as a defendant is **DENIED**. To clarify the record, the City of Milwaukee has been dismissed as a defendant.
- The Court **TAKES UNDER ADVISEMENT** the issue of the warrants' overbreadth.
- The Court will **NOT** disturb Judge Jones' ruling regarding Simmert's reliance on a neutral judge's issuance of a warrant to excuse his alleged 4th Amendment violation.
- The Court **DENIES** Defendants' summary judgment motion as to inhabitability, condition of the animals and plain view exception.
- The Court **DENIES** Defendants' summary judgment motion as to the seizure of the firearms.
- Regarding the alleged seizure of personal property, the Court **GRANTS** summary judgment to the extent Plaintiffs allege that Simmert and/or Felician took the property themselves. The Court **DENIES** summary judgment as to whether Simmert and/or Felician failed to intervene while others allegedly took the property.
- Regarding the unreasonable execution of the warrants, the Court **GRANTS** summary judgment to the extent Plaintiffs allege that Simmert and/or Felician damaged the real property themselves. The Court **DENIES** Defendants' motion for summary judgment, however, as to whether Simmert and/or Felician are liable under a failure to intervene theory.