UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THE DRAGONWOOD CONSERVANCY, INC.,
PLEGUAR CORPORATION, and TERRY CULLEN,

    Plaintiffs,

v.                                           Case No. 16-CV-534

PAUL FELICIAN and PHIL SIMMERT, II,

    Defendants.

---

## DECISION AND ORDER ON PRETRIAL MATTERS

On February 16, 2021, I held a status conference in which I addressed the parties' pending motions *in limine* and *Daubert* motions. However, I took several motions under advisement and I will resolve some of them here.

    1.     *Defendants' Motion in Limine No. 6 – Precluding Reference to the Dogs' Deaths (Docket # 133)*

Defendants moved to preclude any evidence or testimony at trial of the shooting or death of two dogs during the execution of the search warrant at 2323 South 13th Street in Milwaukee—specifically, a video depicting Felician stepping over the deceased dogs' bodies. (Docket # 115-9 at 22) (Felician testified that he was the "gentleman stepping over the dog" in the video.). Defendants argue that this evidence is irrelevant because Plaintiffs are not claiming damages associated with the deaths of the two dogs and in fact, the owner of the dogs, Jane Flint, already filed a federal lawsuit claiming damages associated with the loss of the two dogs in *Flint v. the City of Milwaukee, et al.*, Eastern District of Wisconsin Case No. 14-CV-333. (Docket # 133 at 2.)

Plaintiffs make several arguments for admission of the video. First, Plaintiffs do not dispute that they are not claiming damages from the deaths of the dogs. Rather, they argue that the video is "directly relevant to the fact that this was an unreasonable search and seizure. They had literally no plan upon entry knowing there were four large dogs there." (Docket # 172 at 80.) This argument is not persuasive. There are two claims remaining for trial in this case: (1) whether Defendants exceeded the scope of the search warrant by seizing all of the animals and personal properties and (2) whether Defendants caused unreasonable property damage while executing the warrant. The video regarding the dogs' deaths relates to neither. Plaintiffs' argument that the dogs' deaths relate to the unreasonableness of the search and seizure and Defendants' lack of planning is too broad. The search and seizure at issue for the jury relates to the reptiles and other exotic animals, not to the dogs.

Second, at the February 16 hearing, Plaintiffs argued that the video "does go to damages because after they shot the dogs and they let the dogs lay there, the dogs bloodstained the floor. The floor needed to be replaced, and there were bullet holes in the floor." (Docket # 172 at 87.) It is unclear whether Plaintiffs previously raised the alleged bloodstained floors as damages. However, Defendants are willing to stipulate to the amount of floor damage if Plaintiffs provide documentation for the specific repairs. (Docket # 174.)

Finally, Plaintiffs seek to admit the video because it contains a statement, allegedly made by Felician while stepping over the dogs' bodies, that "This is beyond our scope, man. That's all I keep thinking. This is way beyond our scope." (Docket # 173.) Plaintiffs acknowledge that both Felician and Simmert deny making the statement but argue that the "*reasonable inference is that Defendant Felician made it*, given the circumstances in the video."

2

(Docket # 173) (emphasis in original). At the hearing, Plaintiffs argued that this statement is an admission and "[n]o matter who said it, it's said." (Docket # 172 at 84.) Plaintiffs argue that the video can be played for the jury and the "jury can listen to it and say, okay, it wasn't Felician, it wasn't Simmert, so be it? But it was someone else. It's an admission. I don't know how that doesn't come in." (*Id.*)

But it does matter who said it. There are two defendants, Felician and Simmert. For the statement to be admitted as an admission of a party opponent under Fed. R. Evid. 801(d)(2) it must be attributed to one of the two. It is not sufficient to argue that it comes in regardless of whether it was one of the two defendants. Plaintiffs, as the proponents of this evidence, bear the burden of demonstrating its admissibility. It would turn the rules of evidence on its head if the jury was tasked with determining whether the proposed statement was an admission by a party opponent and therefore admissible.

Plaintiffs seem to recognize the challenge with admitting this statement under Fed. R. Evid. 801(d)(2) and have subsequently raised multiple undeveloped arguments that this statement could be admissible as an excited utterance or as a then-existing impression. (Docket # 173); *see* Fed. R. Evid. 803(2), (3). Even if the statement could be admitted under Rule 803, whether to admit or exclude evidence under Rule 803 is a discretionary decision for the district court. *United States v. Zuniga*, 767 F.3d 712, 716 (7th Cir. 2014) ("The district court's evidentiary rulings are reviewed for abuse of discretion and it will not be reversed 'unless the record contains no evidence on which [the trial judge] rationally could have based [his] decision.'" (internal citations omitted). Pursuant to Fed. R. Evid. 403, even if evidence is relevant, it may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading

3

the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

I find that admission of the evidence regarding the dogs' deaths, including the video, implicates multiple dangers articulated in Rule 403. First, its unfairly prejudicial. The fact the dogs were shot is irrelevant to the issue at hand but is nonetheless inflammatory. Second, it risks confusing the issues. Again, no damages are sought for the dogs' deaths. Finally, the video risks misleading the jury as to the Defendants' role in the dogs' deaths when again, that issue is irrelevant to this case. For all of these reasons, Defendants' motion *in limine* No. 6 is granted.

    *2.*    *Plaintiffs' Request to Take Judicial Notice of Judge Jones' Findings (Docket # 140 at 5, ¶ 20 and Docket # 175).*

Plaintiffs requested that I take judicial notice of "the findings of Judge Jones based upon undisputed evidence." (Docket # 140 at 5, ¶ 20.) At the February hearing, I asked Plaintiffs to create a list of specific facts that they are requesting I take judicial notice of. (Docket # 172 at 57.) Plaintiffs did so, in a supplemental motion *in limine*. (Docket # 175.) In the supplemental motion, Plaintiffs move this Court under Fed. R. Evid. 201 to take judicial notice of statements contained in two decisions denying Defendants' motions for summary judgment—Docket # 62 and Docket # 71. (Docket # 175.)

As an initial matter, all evidence, including evidence admitted pursuant to Rule 201, must be relevant under Rule 401. *Physicians Healthsource, Inc. v. Allscripts Health Sols., Inc.*, 244 F. Supp. 3d 716, 718 (N.D. Ill. 2017) ("[A]ll evidence—including that governed by Rule 201, Federal Rules of Evidence—must bear a relationship to some consequential fact in the case."). Plaintiffs have not attempted to argue the relevance of each numbered statement, 27

in all, to the remaining issues in this case. Furthermore, although Plaintiffs seek to admit these "facts" under Rule 201, this rule is not truly applicable. Rule 201 addresses judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). That is not what Plaintiffs put forth here.

What Plaintiffs attempt to do is take two prior summary judgment decisions and admit them as evidence at trial in this case. But the Plaintiffs seem to fundamentally misunderstand the distinct practices of summary judgment and trial. The majority of the Plaintiffs' judicial notice requests come from Judge Jones' January 24, 2019 decision granting in part and denying in part the Defendants' motion for summary judgment. (Docket # 62.) The more appropriate legal concept for the Plaintiffs to invoke is the doctrine of law of the case. "The doctrine of law of the case is a rule of practice under which ' . . . a decision on an issue of law made at one stage of a case becomes a binding precedent to be followed in successive stages of the same litigation.'" *Roboserve, Inc. v. Kato Kagaku Co.*, 121 F.3d 1027, 1031 (7th Cir. 1997) (quoting 1B Moore's Federal Practice ¶ 0.404(1) (2d ed.1974)). So, for example, Judge Jones ruled that the Defendants are entitled to summary judgment on the Plaintiffs' municipal liability claim. (Docket # 62 at 35.) Thus, the law of the case doctrine would preclude the parties from relitigating that issue at trial.

Judge Jones did not, however, grant summary judgment in the Plaintiffs' favor as to the Fourth Amendment claims concerning the seizure of the animal inventory and the allegedly unreasonable damage to their properties. (*Id.* at 35.) Had he done so we would not be going to trial on these issues. Rather, what Judge Jones did was to *deny* summary judgment to the Defendants on these issues. In other words, he found, when viewing the facts in the light most favorable to the non-movant (in this case, the Plaintiffs), the Plaintiffs

5

put forth enough evidence to raise a genuine issue of material fact to send the issues to a jury. Although some of the language in the decision takes a more definitive tone (for example, on page 22, the decision states that "it's fair to say that no reasonable officer could believe that every animal was being kept in violation of city ordinances or mistreated in violation of state law"), this is not a "finding" becoming the law of the case, as the Plaintiffs request. (Docket # 175 at 3, ¶15.) What Judge Jones *did* find is that "the plaintiffs have presented sufficient evidence from which a reasonable jury could conclude that the defendants violated their clearly established constitutional rights when they seized the plaintiffs' entire animal inventory" (*id.* at 22) and "[a] reasonable jury could find that the defendants' execution of the search warrants, viewed in the light most favorable to the plaintiffs, was unreasonable" (*id.* at 27). Again, on summary judgment, a court must determine whether there is a dispute of material fact and whether a party is entitled to judgment as a matter of law. There would be nothing inconsistent, or even remarkable, about a court denying a party's motion for summary judgment and then a jury subsequently finding in that same party's favor. All Judge Jones did was to determine that the Defendants *were not* entitled to judgment as a matter of law—at that time and on that record. He did not make either factual or legal conclusions in the Plaintiffs' favor, so that I could, for example, grant the Plaintiffs' request to take judicial notice of the "fact" that "[t]he 'plain-view' exception to the warrant requirement does not support seizure of all of Plaintiffs' animals." (Docket # 175 at 3, ¶ 16.)

The majority of the "findings" the Plaintiffs wish this Court to take judicial notice of are precisely the issues the jury is being asked to resolve. Plaintiffs do list some facts that are likely undisputed by the parties, for example, the Plaintiffs' request No. 3 regarding what

6

the warrant described as the objects of the search. (*Id.* at 2, ¶ 3.) To the extent that the parties have a list of undisputed facts to present to the jury, they should draft a stipulation. These facts will not, however, be admitted through Rule 201. For these reasons, the Plaintiffs' request No. 20 and supplemental motion *in limine* (Docket # 175) are denied.

   3.   *Defendants' Motion to Correct February 16, 2021 Minute Order*

The Defendants move to clarify and correct the February 16, 2021 Minute Order to properly reflect the Court's rulings on the record. (Docket # 171.) The motion is granted. The Minute Order is corrected to state that John Larsen is excluded as both a lay and expert witness. As to Plaintiffs' motion *in limine* No. 12, the Minute Order is corrected to state that it is granted in part. The defendants can testify as to what steps they took when they arrived at the residence, including consulting with experts, before acting.

   4.   *Issues Remaining for March 18, 2021 Pretrial Conference*

Remaining before me are Plaintiffs' motions *in limine* Nos. 2 and 10 and Defendants' motion *in limine* No. 5, all relating to the issue of mitigation of damages. I will address these interrelated motions at the March 18 hearing. Additionally, at the February hearing, I raised the possibility of bifurcating the liability and damages portions of the trial. (Docket # 172 at 99–101.) I asked the parties to confer with their respective clients and each other to see if the parties could reach an agreement on this issue. (*Id.* at 101.) The parties should be prepared to address this at the March 18 conference.

Finally, the parties should also be prepared to discuss jury instructions, voir dire questions, and special verdict form on March 18.

7

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants' Motion *in Limine* No. 6 (Docket # 133) is **GRANTED**. The parties are precluded from introducing any evidence or testimony at trial, including the police video, regarding the shooting or death of two dogs during the execution of the search warrant.

**IT IS FURTHER ORDERED** that the Plaintiffs' Request to Take Judicial Notice of Judge Jones' "Findings" (Docket # 140 at 5, ¶ 20 and Docket # 175) is **DENIED**.

**IT IS FURTHER ORDERED** that the February 16, 2021 Minute Order is corrected to indicate that John Larsen is excluded as both a lay and expert witness and that Plaintiffs' Motion *in Limine* No. 12 is granted in part. The defendants can testify as to what steps they took when they arrived at the residence, including consulting with experts, before acting.

Dated at Milwaukee, Wisconsin this 17th of March, 2021.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge