UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

The Dragonwood Conservancy Inc *et al*,

        Plaintiff,   **Case No. 16-CV-534**

   v.

                **MINUTE SHEET**

Felician *et al*,

        Defendant.

---

**Hon. Nancy Joseph, presiding.**   **Deputy Clerk:** Ross Miller

**Type of Proceeding:** STATUS CONFERENCE

**Date:** March 18th, 2021 at 9:00am  **Court Reporter:** Zoom Audio

**Time Commenced:** 9:13am    **Time Concluded:** 10:58am

**Appearances:**  **Plaintiff:**  Thomas W Kyle, Mark P Murphy

       **Defendant:**  Heather Hough, Jenny Yuan

**Comments:**

AS TO PLAINTIFF *MOTIONS IN LIMINE* #2 AND #10 AND DEFENDANTS MOTION IN LIMINE #5-

PLAINTIFF

Argues Judge Jones ruled regarding chapter 173 and that it does not apply. Alleges that MADACC knew they couldn't handle the animals and thus it is presumed the animals would not be recovered by Plaintiffs. Argues Plaintiffs were never given their day in court regarding these issues.

DEFENDANT

Argues there was a court order that all parties were aware of regarding recovering the animals. Plaintiffs knew this wasn't a permanent seizure. Also argues the state court judge made decisions that the officers could not foresee.

COURT

Court considers Judge Jones' decision in ECF No. 71. Court summarizes Plaintiff's and Defendant's arguments.

As to Plaintiff's *Motions in Limine* #2 and #10, Court **DENIES** both motions. Court will rule during the as the issues are presented.

As to Defendant's *Motions in Limine* #5, Court **DENIES IN PART** the motion. Court will wait to see during trial how the issue is presented.

AS TO BIFURCATING LIABILITY AND DAMAGES AT TRIAL-

PLAINTIFF

Believes bifurcation would be prejudicial to the Plaintiffs. There are issues with judicial economy because some witnesses would have to testify multiple times. Asking jurors to separate testimony could be an issue.

DEFENDANTS

Believes bifurcation of trial makes sense.

COURT

Would separate liability and damages. Witnesses would come back. Both sides have witnesses that solely deal with damages. Would use same jury.

The Court **ORDERS** the bifurcation of the jury trial.

Court believes this will allow the jury to focus on the issues better than if all information is presented at once. Court will not explain to the jury why it is bifurcating the trial but will explain that it will create a more streamlined trial. Bifurcating will provide some convenience for some of the witnesses. Court finds that bifurcating will not prejudice either side if the jury is properly instructed. It will not limit the ability for either party to argue regarding liability or damages. Court also believes this will make it easier for the jury to digest the information from the two expert witnesses.

AS TO JURY INSTRUCTIONS, VOIR DIRE QUESTIONS, AND OTHER OUTSTANDING ISSUES-

PLAINTIFF

Requests Voir Dire questions regarding firearms and search warrants. Has issues with instructions regarding the 4th amendment. Requests trial deposition for witness Steve Glenn due to his inability to travel. Requests that the court set an additional status conference prior to start of trial.

DEFENSE

Does not want defendants discussed as a corporation. Confirms that City of Milwaukee is not a party to this action and will not be included in the case caption. Believes that jury instructions number 7 and 29 are repetitive and requests that the court keep instruction 7. Would like instruction number 17 removed. Requests that the court review jury instruction number 22.

COURT

The Court will make discussed changes, and provide counsel with amended drafts of the verdict form, jury instructions packet, and Voir Dire questions.

In accordance with the Court's *Covid-19 Plan for Jury Trial*, a jury of eight will be seated.

Court will allow a limited number of people to attend the trial in court. Court will make arrangements for the proceedings to be streamed in another room of the courthouse for others to watch. Court will also allow other witnesses to appear by video if parties agree.

Parties to file any additional proposed jury instructions and any other proposals by **April 19TH, 2021.**

Court sets a Status Conference via Zoom for **April 28th, 2021 at 1:30pm.**