# Attorney Mark P. Murphy

657 S. 72nd Street
Milwaukee, WI 53214
414-453-5555
fax. 414-453-5520
attorneymarkmurphy@sbcglobal.net

April 26, 2021

Honorable Nancy Joseph, Magistrate Judge
United States Federal Court (E.D., Wis.)
517 E. Wisconsin Ave.,
Milwaukee, WI 53202

      Re: *Dragonwood Conservancy, Inc., et. al., v. Felician, et. al.*
           Case No. 16-CV-534
- Request For Clarification: Defendants' Motion *in limine* #6
- dog shooting / claims for floor damage

Dear Magistrate Joseph:

On behalf of Plaintiffs I respectfully seek further clarification and ruling, regarding Your Honor's rulings [EDoc178 ppp1-4] which granted Defendants' Motion *In Limine* [E-Doc#129/133] to exclude evidence of the "dog shootings" at "13th Street" in this case.

Counsel have been discussing the issues but are not agreed (most recently by conference call on April 23, 2021). The lingering issues concern:

1.     <u>Bloodstained, Hardwood Flooring & Bullet Holes at 13th Street</u>:

Plaintiffs' damage claims include the repair costs for the blood-stained, hardwood floors and bullet holes therein, resulting from the execution of the search warrant. See the Estimate from "Lehman Construction + Design, LLC", dated February 28, 2019 [EDoc-73-9, p 4 of 21]:

> *"Patch bullet holes with new H.F.W. and refinish floor in dining room*
> *Estimate $3,650.00"* [1]

---

[1] Plaintiffs also had an estimate for a similar but lesser-repair (i.e., using "tile" or "plank" instead of hardwood floor); see the Estimate from "Hunt's Flooring" [E-Doc#73-8 at p. 1 of 4]: "installation of LVT Tile or plank Color TBD - Level Floor and Repair (2) Bullet Holes $1759.21"
-"

1

Defendants offer a stipulation regarding the damaged floors, *to wit*: If the jury gets to the "damages" portion of the case after finding liability, Defendants would stipulate to $3,650.00 as the reasonable repair value. However this stipulation does not address the issue.

Plaintiffs need to present the bloodstains and bullet holes to the jury *to prove liability*, i.e., (1) the nature of the property damage inflicted; (2) how it was caused; and (3) why it was caused. This evidence is critical for proving "unnecessary or excessive property damage" to the floors (constituting an unreasonable seizure).

To summarize, Defendants had the luxury of advance notice -as opposed to surprise. They <u>knew</u> they would be greeted by four large dogs, yet there was no plan to secure or contain the dogs. Local animal control was not present. There was not even a dog snare; there was no attempt to subdue the dogs. According to Defendant Simmert their plan was "breach the door and see what the reaction was".[2] There was no exigency – in fact Simmert called (Jane Flint, resident of 13th Street) *in advance* to see if she could meet him there to control the dogs; she agreed and left work immediately to come to 13th Street. The Defendants could have waited another ten minutes for Jane Flint, but did not - and gave the "go" for the forced-entry. After the entry -and due to the failure to plan- the shooting of the dogs occurred, which destroyed the hardwood floors – all of which were reasonably foreseeable consequences of the *situation Defendants created*. Any potential prejudice to Defendants could be addressed by a cautionary instruction, if appropriate. Plaintiffs respectfully seek clarification, regarding their intent to prove the *blood-and-bullets* floor damage.

### 2. Police-Entry Video, *Re-*Edited For Content

If the police-entry-video [EDoc #60-3] is edited in a manner which removes footage of the dead dogs, the balance of the video is properly admissible, mainly as the best evidence of *status quo* upon police entry. The balance of the video shows that 13th Street was indeed habitable, albeit cramped (contrary to the claims of Defendants who argue 13th Street was uninhabitable upon their entry). The video also shows the state of the property *before* the police began moving things around and then taking pictures after (i.e., the "police photos" of the scene do not match the entry video, in several respects). Plaintiffs respectfully seek clarification in this regard as well. Thank you.

Very Truly Yours,
*/s/ Mark P. Murphy*
Attorney Mark P. Murphy
Plaintiffs' Attorney

---

[2]  Deposition of Defendant Simmert taken on 2/4/19; at p.29 (not produced herewith).

2

Case 2:16-cv-00534-NJ   Filed 04/26/21   Page 2 of 2   Document 186